Wiley S. POE, Jr., Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–808.

United States Court of Veterans Appeals.

April 28, 1992.

Before FARLEY, Associate Judge.

### MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of April 11, 1990, the Board of Veterans' Appeals (Board or BVA) denied appellant service connection for a chronic back disorder. A timely appeal to this Court followed. On September 6, 1991, appellant filed an informal brief. On November 21, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings pending a ruling. Appellant did not file a response to the motion.

Appellant's initial claim for service connection for a back disorder was denied in 1977. R. at 38. Appellant sought to reopen the claim by submitting a personal statement reiterating his contentions presented in 1977 and providing additional, specific information concerning the approximate dates of injury to his back and ensuing hospitalization. R. at 49–50. He also submitted medical treatment records for a

back disorder subsequent to 1977. R. at 53–71. Appellant maintained that in December 1945, he was injured in a fall aboard the U.S.F.S. (United States Fast Supply) 158 during a combat air attack and was hospitalized at an Army facility in Leyte, Philippines "within the dates 12/1/45 and 12/20/45". R. at 49. He states he was then "put on a hospital ship back to New Guinea". R. at 50. Further, appellant proffered that "the army [must have] a record somewhere". R. at 50; *see also* R. at 84. The Department of Veterans Affairs (VA) Regional Office denied the claim on the determination that appellant had not submitted new and material evidence. R. at 73. After a reopening and de novo review of the evidence, on April 11, 1990, the Board denied service connection stating:

> [t]he Board does not doubt the veteran's assertion that he did fall from a ladder during service, however, we note that appellant's service medical records do not reveal any clinical finding or diagnosis relating to the presence of residuals of a back injury, or any other back disorder.

*Wiley S. Poe, Jr.*, BVA No. 90–09022, at 3 (Apr. 11, 1990).

■ Presumably, the regional office determined that the evidence submitted by appellant was not "new" or, if "new", was not "material" to his claim for service connection and thus did not reopen the claim. Evidence is "new" if it is "not ... merely cumulative" and is considered "material" where "there [is] a reasonable possibility that the new evidence, when viewed in the context of all the evidence ... would change the outcome." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Here, appellant sought to reopen his claim for service connection of a chronic back disorder by submission of lay testimony that included his prior assertion that he injured his back during service along with additional assertions of specific injury and hospitalization dates, and location of the VA hospital facilities. That the record on appeal does not contain records specific to December 1–20, 1945, from a VA hospital in Leyte, Philippines or a hospital ship en route to New Guinea is of no moment. Lay evidence in and of itself may warrant service connection. *See Cartright v. Derwinski*, 2 Vet.App. 24 (1991). In fact, pursuant to 38 U.S.C. § 1154(b) (formerly § 354(b)) and 38 C.F.R. § 3.304(d) (1991), under certain circumstances, the regional office must accept lay testimony as evidence of service connection. Hence, the Court holds that the evidence submitted by appellant subsequent to the initial denial of service connection was new and material, and the claim should have been reopened by the regional office. *See Tobin v. Derwinski*, 2 Vet.App. 34 (1991).

■ The Board consequently was correct in reopening appellant's claim. However, the Board's determination to nonetheless affirm the denial of service connection was erroneous. The Board summarily dismisses the veteran's account of his in-service accident and treatment at VA facilities, failing to apply 38 U.S.C. § 1154(b) and 38 C.F.R. § 3.304(d). The Board must accept lay testimony of evidence of service connection if consistent with the "circumstances, conditions or hardships of such service". 38 U.S.C. § 1154(b); 38 C.F.R. § 3.304(d). As stated above, lay evidence alone, even absent clinical records, may be sufficient to establish service connection. *See Cartright, supra.* The Board additionally failed to note a specific reference in appellant's service medical records that appellant "had reg[ular] slight upper lumbar aching [the] past few days...." R. at 24. In his informal brief, appellant asserts that his service medical records also "show[ ] upper lumbar hurting, page[s] 25, 26, 27, 28 and 29 [of the record on appeal]." Appellant's Informal Brief at para. 2. Inauspiciously, pages 25–29 of the record on appeal before the Court are illegible.

■ Upon consideration of the record, appellant's informal brief, and the Secretary's motion for summary affirmance, it is the holding of the Court that the Board erred in failing to afford appellant's lay statement consideration and evidentiary weight as required by 38 U.S.C. § 1154(b) and 38 C.F.R. § 3.304(d). Should the Board conclude that these provisions do not support an entitlement to service connection, it must provide reasons or bases for the determination. See *Gilbert v. Derwinski*, 1

Vet.App. 49 (1990). Moreover, if the Board finds appellant's assertions of injury and hospitalization credible and determines that relevant medical records have been lost or destroyed, "the BVA's obligation to explain its findings and conclusions ... is heightened." *O'Hare v. Derwinski,* 1 Vet.App. 365, 367 (1991); *see also Schafrath v. Derwinski,* 1 Vet.App. 589, 592–93 (1991). The Court additionally holds that in light of the evidence in the record of back pain, the Board erred in its statement that the service medical records "do not reveal any clinical finding or diagnosis relating to the presence of residuals of a back injury, or any other back disorder." *Poe,* BVA No. 90–09022, at 3. To reject this evidence the Board must supply reasons or bases. *Gilbert, supra.* Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

The Secretary's motion for summary affirmance is DENIED, and the BVA decision of April 11, 1990 is VACATED and REMANDED for readjudication consistent with this opinion.