Citation Nr: 1334652 
Decision Date: 10/30/13 Archive Date: 11/06/13

DOCKET NO. 07-28 088 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for residuals of a fracture of the coccyx.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

C. Hancock, Counsel

INTRODUCTION

The Veteran served on active duty from January to May 1986, June to October 1988, and from November 1988 to December 2005. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an October 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, which denied the claim.


FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran currently has the residuals of a coccyx fracture. 


CONCLUSION OF LAW

The criteria for service connection for residuals of a coccyx fracture have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103, 5107 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.303, 3.304 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Notice was provided in February and March 2006 letters and the claim was subsequently readjudicated, most recently in an April 2012 supplemental statement of the case. Mayfield, 444 F.3d at 1333.

Finally, the duty to assist the appellant has been satisfied in this case. The Veteran's service treatment records are in the claims file and were reviewed by both the RO and Board in connection with the appellant's claim. The appellant has not informed VA of any outstanding existing postservice medical records which may be helpful in the adjudication of his claim. VA is not on notice of any evidence needed to decide the claim which has not been obtained.

A VA examination was obtained with regard to the claim for service connection for coccyx fracture residuals in October 2008. The Board finds that the VA examination is adequate, as it reflects a review of the Veteran's claims file, considers all of the pertinent evidence of record, and provides a rationale for the opinion offered. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion with respect to the issue on appeal has been met. 38 C.F.R. § 3.159(c) (4); Nieves-Rodriguez v. Peake, 22 Vet App 295 (2008). 

For the foregoing reasons, the Board concludes that all reasonable efforts were made by VA to obtain evidence necessary to substantiate the claim. No further assistance to the appellant with the development of evidence is required. 38 U.S.C.A. § 5103A(a)(2); 38 C.F.R. § 3.159(d).

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table). 

In each case where a veteran is seeking service connection for any disability, due consideration shall be given to the places, types, and circumstances of such veteran's service as shown by such veteran's service record, the official history of each organization in which such veteran served, such veteran's medical records, and all pertinent medical and lay evidence. 38 U.S.C.A. § 1154(a).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran seeks entitlement to service connection for coccyx fracture residuals. On his initial claim, he reported that the injury occurred in December 1997. He informed the VA examiner in October 2008 that he injured his coccyx on a parachute jump and was told that he fractured his coccyx as a result. 

The Veteran's service treatment records include numerous reports of treatment and diagnoses of lumbar spine-related problems, but no specific references to complaints of, or treatment afforded the Veteran for his coccyx. The report of a September 2005 Medical Evaluation Board detailed the Veteran's history of back pain following an injury in 1994 with a re-injury in 2002 when he slipped carrying a heavy object and then again during an airborne operation. Physical examination revealed diagnoses of chronic low back pain status-post fusion of L4-L5 and L4-L5 radiculopathy. There was no reference to complaints, treatment or findings referable to a coccyx fracture. 

In the October 2006 rating action on appeal, service connection was granted and a 10 percent rating assigned for status-post L4-L5 fusion with degenerative disc disease, degenerative joint disease, and herniated nucleus pulposus and radiculopathy.

The post-service medical evidence of record consists entirely of the report of a VA joints examination report dated in October 2008. The report shows that the Veteran claimed to have fractured his coccyx while serving on active duty, but denied any current pain or symptoms relating to his coccyx. Following physical examination and review of the record, the diagnosis was healed fracture of the coccyx. The examiner noted that by rectal bimanual examination, there were no fractures identified in the coccyx and no tenderness. 

After having carefully reviewed the evidence of record, the Board finds that the preponderance of the evidence is against the claim for service connection for residuals of a fracture of the coccyx. 

Even assuming the Veteran sustained an injury to the coccyx that is not documented in his service treatment records, the only evidence linking his claim of a current disorder to service is his lay contentions. Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau. Competency of evidence, however, must be distinguished from weight and credibility, which are factual determinations going to the probative value of the evidence. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); see also Cartwright v. Derwinski, 2 Vet. App. 24, 25 (1991).

There is no medical evidence of any post-service diagnosis of coccyx fracture residuals in this case and no medical or competent lay evidence of any such symptoms over the years since service. In the absence of proof of present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223 (1992). The Veteran is competent to report current symptoms, but the Board does not find his lay statements sufficient to outweigh the VA examination which shows no current disability. To the extent there may be a remote history of disability, there is no competent evidence that the Veteran currently has a coccyx-related disability or that such claimed disability has been shown by credible medical evidence to have been diagnosed during the course of the appeal. McClain v. Nicholson, 21 Vet. App. 319 (2007). 

In reaching this decision on the claim for service connection for coccyx fracture residuals, the Board has considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the claim, the doctrine is not for application. Gilbert, at 54. Service connection for the claimed disorder is not warranted. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102, 3.303, 3.304.

ORDER

Service connection for fracture of the coccyx residuals is denied. 




____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs