Citation Nr: 1434278 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 11- 02 928 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


ATTORNEY FOR THE BOARD

W.L. Puchnick, Counsel


INTRODUCTION

The Veteran served on active duty from February 1946 to February 1966. He died in March 2009. The appellant is his surviving spouse.

The Board remanded the case in December 2013 for additional development which has been accomplished. Further, the appellant was scheduled for a Board hearing in January 2013 but failed to report so the hearing request is considered withdrawn. See 38 C.F.R. § 20.702(d) (2013). 


FINDINGS OF FACT

1 .The Veteran died in March 2009 at the age of 81.

2. The immediate cause of death was due to respiratory failure; contributing causes of death were hypovolemic shock, coronary artery disease, severe bleeding peptic ulcer disease, and cerebral bleed. 

3. At the time of his death, the Veteran was not service-connected for any disabilities.

4. Exposure to herbicides in service is not presumed.


CONCLUSION OF LAW

The criteria for service connection for the Veteran's cause of death have not been met. 38 U.S.C.A. §§ 1110, 1131, 1310, 5103(a), 5103A (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.312 (2013). 



REASONS AND BASES FOR FINDINGS AND CONCLUSION

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303(a) (2013). 

Coronary artery disease (as a cardiovascular-renal disease), cerebral bleed (as a brain hemorrhage) and peptic ulcer disease are listed "chronic diseases" pursuant to 38 C.F.R. § 3.309(a). Therefore, the presumptive provisions based on "chronic" in-service symptoms and "continuous" post-service symptoms under 38 C.F.R. § 3.303(b) apply. Walker v. Shinseki, 708 F.3d 1331, 1337-38 (Fed. Cir. 2013). Where the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, the disease shall be presumed to have been incurred in service. 

With a chronic disease shown in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If a condition noted during service is not shown to be chronic, then generally, a showing of continuity of symptoms after service is required for service connection. 38 C.F.R. § 3.303(b). 

Where a veteran served ninety days or more of active service, and certain chronic diseases, such as coronary artery disease, cerebral bleed, and peptic ulcer disease, become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time.

The death of a veteran will be considered to have been due to a service-connected disability where the evidence establishes that a disability was either the principal or the contributory cause of death. 38 C.F.R. § 3.312(a). A principal cause of death is one which, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically-related thereto. 38 C.F.R. § 3.312(b). A contributory cause of death is one which contributed substantially or materially to cause death, or aided or lent assistance to the production of death. See 38 C.F.R. § 3.312(c). 

There are primary causes of death which by their very nature are so overwhelming that eventual death can be anticipated irrespective of coexisting conditions, but, even in such cases, there is for consideration whether there may be a reasonable basis for holding that a service-connected condition was of such severity as to have a material influence in accelerating death. In this situation, however, it would not generally be reasonable to hold that a service-connected condition accelerated death unless such condition affected a vital organ and was itself of a progressive or debilitating nature. 38 C.F.R. § 3.312(c)(4). 

In rendering a decision on appeal the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify"). 

The death certificate reflects that the Veteran died in March 2009 at the age of 81. The immediate cause of death was due to respiratory failure. Contributing causes of death were hypovolemic shock, coronary artery disease, severe bleeding peptic ulcer disease, and cerebral bleed (brain hemorrhage). At the time of his death, he was not service-connected for any disability. Therefore, to establish service connection for the cause of death, the evidence must show that the disease which caused death was incurred in or aggravated by service.

Service treatment records do not reflect that the Veteran complained of, or sought treatment for, any heart, lung, cerebral, or gastrointestinal disorders during active service. Nor does the evidence establish that heart disease, brain hemorrhage, or peptic ulcer disease were manifest to a degree of 10 percent within one year of separation from service. Therefore, the diseases that caused the Veteran's death were not shown in service or within one year of service separation.

Terminal treatment records show that the Veteran was admitted to a private hospital in early 2009 complaining of a productive cough of four days duration and shortness of breath. He was found to be in respiratory failure upon admission and died several days later. 

In this case, the terminal treatment records, as well as the other evidence of record, does not establish that any of the diseases which caused the Veteran's death either began during service or were otherwise related thereto nor does the appellant so assert. Nor does the evidence show (nor has the appellant asserted) a positive medical nexus linking the cause of death to service. Therefore, service connection for the cause of death is not warranted on a direct basis or on a 1-year presumptive basis. 

Rather, the appellant contends that the Veteran's death was due to Agent Orange exposure in Vietnam, and that presumptive service connection is warranted for his death as a result of coronary artery disease pursuant to 38 C.F.R. § 3.309(e). 

Pursuant to the authority granted by the Agent Orange Act of 1991, VA may determine that a presumption of service connection based on exposure to herbicides used in Vietnam is warranted for certain conditions that VA has found to have a statistically significant association with such exposure, including ischemic heart disease. However, a veteran must have served in Vietnam for the presumption to apply. See 38 U.S.C.A. § 1116(f) (West 2002); 38 C.F.R. § 3.307(a)(6)(iii) (2013) (a veteran who had active service in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, will be presumed to have been exposed to an herbicide agent during such service). On this point, the appeal fails.

Specifically, the evidence does not show that the Veteran had service in the Republic of Vietnam. His DD Form 214 and service personnel records show that he was assigned to the Flag Administrative Unit, Commander-in-Chief Atlantic Fleet (CINCLANTFLT), Norfolk, Virginia, from late 1961 to early 1966, at which time he transferred to the fleet reserve at the U.S. Naval Station, Subic Bay, Philippines. Hence, the evidence does not reflect actual duty or visitation in the Republic of Vietnam. The appellant was asked to submit evidence to verify the Veteran's presence in Vietnam but none was forthcoming.

As the evidence does not show that the Veteran served in Vietnam, exposure to Agent Orange or other herbicides in Vietnam is not conceded. As such, presumptive service connection is not warranted for the cause of death due to Agent Orange exposure resulting in coronary artery disease. Moreover, neither respiratory failure, cerebral bleeding, nor peptic ulcer disease are on the list of diseases presumed to be due to Agent Orange exposure. Therefore, the appeal is denied.

Finally, as provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist appellants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013). Such notice must include notice that a disability rating and an effective date for the award of benefits will be assigned if there is a favorable disposition of the claim. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107; 38 C.F.R. §§ 3.159, 3.326; see also Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004). 

In Hupp v. Nicholson, 21 Vet. App. 342, 352-53 (2007), the Court held that proper VCAA notice for dependency and indemnity (DIC) claims must also include: (1) a statement of the conditions, if any, for which a veteran was service-connected at the time of his death; (2) an explanation of the evidence and information required to substantiate a DIC claim based on a previously service-connected claim; and (3) an explanation of the evidence and information required to substantiate a DIC claim based on a condition not yet service-connected. 

Here, the VCAA duty to notify was satisfied by way of a letter sent to the appellant in August 2009 that fully addressed all notice elements and was sent prior to the initial RO decision in this matter. VA informed her of the evidence necessary to substantiate claim in accordance with Hupp, evidence VA would reasonably seek to obtain, and information and evidence for which she was responsible.

Under these circumstances, the Board finds that the notification requirements of the VCAA have been satisfied as to both timing and content. Therefore, adequate notice was provided to the appellant prior to the transfer and certification of her case to the Board and complied with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) . 

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the appellant. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993). Here service treatment records were obtained, as well as private treatment records and (pursuant to the Board's December 2013 remand) service personnel records. 

A VA examination/medical opinion was not provided in this case. However, as discussed above, the evidence does not include any competent evidence suggesting the diseases which caused the Veteran's death either began during or were otherwise caused by his service. Because there is no indication that his death may be related to his service, a medical opinion was not required. See McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). 

Since VA has satisfied its duties to notify and assist, any additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). Because VA's duties to notify and assist have been met, there is no prejudice to the Veteran in adjudicating this appeal. 


ORDER

Service connection for the cause of the Veteran's death is denied.



____________________________________________
L. HOWELL
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs