Citation Nr: 1452662 
Decision Date: 11/28/14 Archive Date: 12/02/14 

DOCKET NO. 08-04 259 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to service connection for shin splints.

2. Entitlement to service connection for irritable bowel syndrome or other lower gastrointestinal disorder or illness.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARINGS ON APPEAL

Appellant and J.R.



ATTORNEY FOR THE BOARD

C. Lawson, Counsel


INTRODUCTION

The Veteran served on active duty from January 2001 to June 2005. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2007 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). The Veteran presented testimony an RO hearing in March 2008, and at a Board hearing in July 2011, and a transcript of the hearing is associated with his claims folder. 

Other issues previously on appeal with those shown on the cover page were decided by the Board in April 2014. At that time, the issues shown on the cover page were remanded to the RO for further development.


FINDINGS OF FACT

1. The Veteran's current bilateral shin splints are a known clinical diagnosis which was not manifest in service, is unrelated to service, and was not caused or aggravated by the service-connected knee disabilities. 

2. The Veteran does not have irritable bowel syndrome or another lower gastrointestinal disorder or illness. 


CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral shin splints are not met. 38 U.S.C.A. §§ 1110, 1117 (West 2002); 38 C.F.R. § 3.303, 3.317 (2014).

2. The criteria for service connection for irritable bowel syndrome or other lower gastrointestinal disorder or illness are not met. 38 U.S.C.A. §§ 1110, 1117 (West 2002); 38 C.F.R. § 3.303, 3.317 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Adequate notice was provided in April 2007.

VA has obtained service treatment records; assisted the Veteran in obtaining evidence; obtained VA medical opinions or examinations in 2011 and 2014; and afforded the Veteran the opportunity to give testimony before the Board. Taken together, the examinations are adequate as they provide all information necessary to decide the claims, show consideration of the claims record and the Veteran's contentions, and render medical opinions in light of the evidence. All known and available records relevant to the issues on appeal have been obtained and associated with the Veteran's claims record; and the Veteran has not contended otherwise. 

VA has complied with the notice and assistance requirements and the Veteran is not prejudiced by a decision on the claims at this time. 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of: (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Hickson v. West, 12 Vet.App. 247, 253 (1999); Caluza v. Brown, 7 Vet.App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table).

Service connection may be granted, on a secondary basis, for a disability which is proximately due to, or the result of an established service-connected disorder. 38 C.F.R. § 3.310. Similarly, any increase in severity of a non-service connected disease or injury that is proximately due to or the result of a service connected disease or injury, and not due to the natural progress of the nonservice connected disease, will be service connected. Allen v. Brown, 7 Vet. App. 439 (1995). In the latter instance, the non-service connected disease or injury is said to have been aggravated by the service-connected disease or injury. 38 C.F.R. § 3.310 . 

The Veteran's DD-214 indicates that she is a Persian Gulf Veteran. Service connection may be established for a Persian Gulf Veteran who exhibits objective indications of a qualifying chronic disability which cannot be attributed to any known clinical diagnosis but which instead resulted from an undiagnosed illness that became manifest either during active service in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than December 31, 2016. 38 C.F.R. § 3.317. 

There are three types of "qualifying chronic disabilities" for the purposes of 38 C.F.R. § 3.317: (1) an undiagnosed illness; (2) a medically unexplained chronic multi-symptom illness defined by a cluster of signs or symptoms (such as chronic fatigue syndrome, fibromyalgia, and irritable bowel syndrome); or (3) any other illness that the Secretary determines meets the criteria in paragraph (a)(2)(ii) of this section for a medically unexplained chronic multi-symptom illness. An "undiagnosed illness" is defined as a condition that by history, physical examination, and laboratory tests cannot be attributed to a known clinical diagnosis. A "medically unexplained chronic multi-symptom illness" means a diagnosed illness without conclusive pathophysiology or etiology that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. Chronic multi-symptom illnesses of partially understood etiology and pathophysiology will not be considered medically unexplained. 

In this decision, the Board has considered all lay and medical evidence as it pertains to the issues. 38 U.S.C.A. §§ 5107(b), 7104(a); 38 C.F.R. § 3.303(a). In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App.49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify"). In determining whether statements submitted by a Veteran are credible, the Board may consider internal consistency, facial plausibility, consistency with other evidence, and statements made during treatment. Caluza v. Brown, 7 Vet. App. 498 (1995).

Shin splints

The record shows that the Veteran currently has bilateral shin splints to account for her shin complaints. Service treatment records are silent for reference to shin splints. 

On VA examination in May 2014, the examiner diagnosed the Veteran with bilateral shin splints. The examiner also opined that it was less likely than not that the Veteran's shin splints were incurred in or caused by service, or caused or aggravated beyond natural progression by her service related conditions including her bilateral knee conditions. The reasons given were that the Veteran gave a history that day of shin splints starting in basic training, and never going without pain from them for more than a month at a time, but not reporting it for fear of appearing weak. However, her service treatment records were negative for shin splints but positive for complaints of other musculoskeletal conditions including stress fracture of her inferior pubic ramus and torn left anterior cruciate ligament. Furthermore, she went through a medical board prior to discharge and there was no mention of shin splints. The examiner felt that one would have expected that somewhere in the records there would be some documentation of ongoing shin splints. The examiner indicated that the bulk of the evidence does not support her assertion that she had shin splints since her time in service that continue to this day. Shin splints are a primary condition caused by overuse, and the medical literature does not support the assertion that they would be secondary to or aggravated by her knee conditions. 

Based on the evidence, the Board concludes that service connection is not warranted for the Veteran's current shin splints disability, as it is a known clinical diagnosis which the evidence shows was not manifest in service, is unrelated to service, and was not caused or aggravated by a service-connected disability. The Veteran's hearing testimony of having had shin splints problems in service and of having an in-service health care provider tell her she had them is outweighed by the rest of the evidence including the absence of service treatment records showing treatment for shin splints and her being treated for other problems in service, but not shin splints. 

Irritable bowel syndrome

Service treatment records show complaint of lower abdominal pain in December 2002. Diarrhea on deployment was reported in 2004, and diarrhea with eating red meats was reported in service in January 2005. 

A VA examiner in December 2011 indicated that irritable bowel syndrome was not identified, that the Veteran did not have a diagnosis of irritable bowel syndrome, and that she does not meet the criteria for a diagnosis of irritable bowel syndrome.

A VA examiner in May 2014 indicated that the Veteran had never been diagnosed with an intestinal condition and found that no diagnosis was warranted at that time. The examiner reported that food intolerance is not a medical diagnosis and does not represent a medical condition, and that there is no medical documentation of a gastrointestinal condition, other than gastroesophageal reflux disease, which is service-connected already. The examiner noted that the Veteran has a normal gastrointestinal function, normal bowel movements, no evidence of malnutrition, and is able to eat a healthy diet, including vegetarian sources of protein, eggs, etc., without any gastrointestinal symptoms. 

There had been concerns at the time of the last Board remand that the Veteran might have constipation related to her migraine headaches. However, the 2014 examination report indicates that the Veteran has normal gastrointestinal function. Accordingly, service connection for a disorder manifested by constipation is not warranted. 

Based on the evidence, the Board concludes that service connection is not warranted for irritable bowel syndrome as the Veteran does not have it. It has not been diagnosed and two VA examiners have indicated that a diagnosis of irritable bowel syndrome is not warranted. 

Service connection is not warranted for any other lower digestive disorder or illness either. No other medical diagnosis has been made, other than of the service-connected gastroesophageal reflux disease, and the examiner in May 2014 indicated that there is no medical documentation of another gastrointestinal condition. Service connection cannot be granted on the basis of there being an undiagnosed illness associated with Persian Gulf service, as there are no objective indications of chronic disability. The examiner in 2014 indicated that the Veteran does not have a medical condition, and that she has a normal gastrointestinal function, normal bowel movements, and no evidence of malnutrition, and that she is able to eat a healthy diet without any gastrointestinal symptoms. The examiner indicated that food intolerance is not a medical diagnosis or condition. 

The Veteran has provided hearing testimony that she had and has gastrointestinal symptomatology. However, she is not competent to supply a diagnosis of a gastrointestinal disorder, and no objective indications of chronic disability are shown. 

The Veteran's stated basis for her appeals in her February 2008 substantive appeal was that the RO did not adequately review all evidence of record. For the claims being decided, however, the Board finds that VA has adequately reviewed her claims, and has provided adequate reasons and bases for its decisions. 

The preponderance of the evidence is against the claims and there is no doubt to be resolved. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1991).


ORDER

Service connection for bilateral shin splints is not warranted.

Service connection for irritable bowel syndrome is not warranted. 



______________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs