Citation Nr: 1826263 
Decision Date: 04/27/18 Archive Date: 05/07/18

DOCKET NO. 15-08 270 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Entitlement to service connection for arthritis of the wrists. 


REPRESENTATION

Appellant represented by: Steven H. Berniker, Attorney


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

K. Hughes, Counsel


INTRODUCTION

The Veteran had active military service from May 1960 to February 1964. 

These matters come before the Board of Veterans' Appeals (Board) from an April 2013 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Oakland, California. 

The Veteran testified before the undersigned at a Board hearing in January 2018. A transcript of the hearing is of record. 

In a March 2018 decision, the Board reopened and remanded the claim of service connection for arthritis of the wrists for further development and adjudication. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

A disability of either wrist, including osteoarthritis, was initially manifested many years after service, is not shown to be related to the Veteran's service or to have been caused or aggravated by a service-connected disability.


CONCLUSION OF LAW

The criteria for service connection for a disorder of either wrist, including arthritis, have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309, 3.310 (2017).



REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has reviewed all of the evidence of record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claim.

Service connection may be granted for current disability arising from disease or injury incurred or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). The determination as to whether the requirements for service connection are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. 38 U.S.C. § 7104(a); Baldwin v. West, 13 Vet. App. 1 (1999); see 38 C.F.R. § 3.303(a).

Alternatively, service connection may be granted on a secondary basis for a disability that is proximately due to or the result of (caused) or permanently worsened beyond its natural progression (aggravated) by a service-connected disease or injury. Allen v. Brown, 7 Vet. App. 439, 448-49 (1995); 38 C.F.R. § 3.310.

Service connection for certain chronic diseases, including arthritis, will be presumed if they manifest to a compensable degree within one year following active military service. This presumption, however, is rebuttable by probative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. A nexus to service (for diseases listed in 38 C.F.R. § 3.309(a)) may be established by showing continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331, 1338-40 (Fed. Cir. 2013).

The Board is required to analyze the credibility and probative value of the evidence, account for any evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Daye v. Nicholson, 20 Vet. App. 512, 516 (2006). It is noted that competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while the latter is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify"). In determining whether statements are credible, the Board may consider internal consistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant. Caluza v. Brown, 7 Vet. App. 498 (1995).

The Veteran claims that his bilateral wrist arthritis is the result of injuries sustained while carrying furniture up and down stairs during his military service. See January 2018 hearing transcript. Alternatively, he claims that this disability is related to (a progression of) his service-connected traumatic arthritis of the lumbosacral spine. See, e.g., March 2015 VA Form 9, Appeal to Board of Veterans' Appeals. However, as explained below, his bilateral wrist osteoarthritis has not been linked to his service or a service connected disability.

The Veteran's service treatment records (STRs) are silent as to complaints of or treatment for a disorder of either wrist. Notably, these records include a November 1961 report of treatment for back strain as a result of lifting household goods. The initial post-service finding of right wrist osteoarthritis is a November 2006 report of VA X-ray study and the initial post-service evidence of left wrist osteoarthritis is an October 2008 report of VA X-ray study. 

It is not in dispute that the Veteran has bilateral wrist osteoarthritis. However, service connection for his bilateral wrist disorder on the basis that such disability became manifest in service and persisted is not warranted. As arthritis of either wrist is not initially shown until November 2006, service connection on a chronic disease presumptive basis (under 38 U.S.C. § 1112; 38 C.F.R. § 3.309(a)) is not warranted. While service connection may be shown by continuity of symptomatology post service, arthritis was not shown until over 42 years after service; thus, the preponderance of the evidence is against a finding of continuity. See Walker v. Shinseki, 708 F.3d 1331, 1338-40 (Fed. Cir. 2013). 

Furthermore, there is no competent (medical) evidence in the record that suggests that a disease, injury, or event in service may have been an etiological factor for the Veteran's development of his current bilateral wrist osteoarthritis. There is also no competent (medical) evidence of record linking the Veteran's traumatic arthritis of the lumbosacral spine, or any other service-connected disability, to his bilateral wrist osteoarthritis. The Veteran has not submitted any medical opinion or medical literature in support of his claim. 

To the extent that the Veteran attempts to support his claim of service connection for a bilateral wrist disorder by his more recent accounts of continuity of symptoms since service, the Board finds such accounts to be inconsistent with contemporaneous clinical data, and not credible. In this regard, the Veteran's recent statements were made for the purposes of obtaining VA benefits more than 26 years after service (he initially claimed service connection for arthritis of the wrists in a September 1990 statement). See Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991); see also Seng v. Holder, 584 F.3d 13, 19 (1st Cir. 2009) (noting that, notwithstanding a declarant's intent to speak the truth, the witness's statement may lack credibility because of faulty memory due to passage of time).

Although laypersons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the specific issues in this case - whether there are current diagnoses of a wrist disabilities which can be related to service - falls outside the realm of common knowledge of a layperson. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Thus, any assertions by the Veteran as to diagnoses and causation have no probative value.

The preponderance of the evidence is against the claim of service connection for a bilateral wrist disability, including arthritis; therefore, the benefit of the doubt rule does not apply and the appeal as to this matter must be denied. Gilbert v. Derwinski, 1 Vet. App. at 54-56.


ORDER

The appeal seeking service connection for a bilateral wrist disorder, including arthritis, is denied.



____________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs