## DIXIE OHIO EXPRESS CO., Inc., v. LOWERY.

### SAME v. GORAM.

#### Nos. 9287, 9288.

Circuit Court of Appeals, Fifth Circuit.

Oct. 7, 1940.

Graham Wright, of Rome, Ga., for appellant.

R. Carter Pittman and D. Wright Mitchell, both of Dalton, Ga., and Dean Owens, of Rome, Ga., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appellees each lost a husband in a collision between a small truck in which the men were riding and a large and heavily loaded one belonging to appellant. Separate suits for damages were tried together in the district court, resulting in verdicts for moderate damages, and the resulting appeals were argued as one here. The sole question is whether a motion for verdict for the defendant should have been

granted. The main contention is that the plaintiffs presented no eye witness of the occurrence but relied wholly on circumstances to show negligence, and that the testimony for defendant of its truck driver Cecil Wilson was uncontradicted and reasonably consistent with all the proven circumstances and showed that the fault of the collision was not in the management of defendant's truck, but of the deceaseds' truck. Pennsylvania Railroad v. Chamberlain, Adm'r, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819, was and is specially relied on.

The collision occurred at night on the main street of the town of Calhoun, Georgia. The defendant's truck going south had a trailer heavily loaded, the truck, trailer and load being of a weight of 19,-000 pounds, and its rate of speed being restricted by statute to twenty miles per hour. Georgia Code, § 68-301. It struck the small truck near a manhole in the street and carried it back diagonally across the street to the east side, crushing it against a tree. The body of the small truck was knocked off in the street and the large trailer turned over upon its right side upon the body of the small truck. The occupants of the small truck were killed. Cecil Wilson's account was in brief this: He was driving the large truck at twenty miles per hour on his right side of the street when at a distance of one hundred feet ahead on the same side of the street and coming in the opposite direction the small truck was seen by its lights being turned on. "When I first saw the lights flash up I thought he saw me by his turning on his lights, but it only took an instant for me to tell that he did not see me * * *. I thought he was going to clear, and when I saw he was not, that he did not go to his side of the road, I began to pull my truck [brakes], both the booster brakes [on the trailer] and the mechanical brakes [on the truck]." Wilson's truck was twenty-five or thirty feet from the small truck when he pulled the brakes, and the small truck was going faster than he was. The collision was head-on, on the west side of the street, about at the manhole. The impact caused the big truck to swerve to the left and it crossed to the east side of the street and hit a tree and the trailer turned over. The truck and trailer were about thirty feet long. At twenty miles per hour they could not be stopped in thirty feet, it would take forty-five or fifty feet. His truck

ran about thirty feet after the impact to reach the tree. Other evidence was that it was forty-five feet from the manhole to the tree. It was proven that Wilson in a previous trial testified he was about ten feet from the small truck when he applied his brakes, and that he could stop in thirty feet at twenty miles per hour.

It thus appears that Wilson might be thought impeached by proof of previous contradictory statements on two material points. We are not sure that he was a disinterested witness whom the jury were bound to believe if unimpeached, because his negligence was the issue and if judgment went against his employer he might be held liable over and the judgment in this case be evidence in that, which at common law would have made such an interest as would disqualify him from testifying at all. An interested witness may now testify but his interest goes against his credit. But aside from that, the jury, if they believed him, might have concluded that such negligence as is alleged in the petition, to-wit, excessive speed and poor braking, appears in his own account of it. True the small truck was on the wrong side of the road and its driver apparently not keeping a lookout, but Wilson saw and appreciated this a hundred feet away when he could have stopped easily. Running on at the highest speed the law allowed he made no effort to stop till within at most thirty feet, when it was too late. So far from stopping, or being stopped by the impact of the smaller truck, the big truck absorbed the unchecked momentum of the small truck and carried the latter thirty to forty-five feet across the street to be finally stopped by a tree. It can therefrom be inferred that Wilson must have been going much above the speed limit, and some witnesses say the marks on the road showed that his brakes were on not only from the manhole to the tree but a considerable distance before. If the speed of the large truck had been even partially checked, the deaths which are sued for might have been prevented even though the collision could not be. The occupants of the small truck were apparently also negligent, but their contributory negligence in Georgia will not always defeat recovery, but may only reduce it. Ga. Code, § 105-603.

The circumstantial evidence for the plaintiff tends to show that the small truck was on the east side at first, and that the

big truck in approaching it swerved across the center of the road and struck it; but the tracks so indicating may have been made by the rear wheels of the trailer after the impact had happened as related by Wilson.

We think the case a proper one to submit to the jury, and the verdicts apparently for reduced damages because of fault on both sides do not appear to be without support in the evidence.

Judgment affirmed.