**Clyde A. CARTRIGHT, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–28.**

United States Court of Veterans Appeals.

Submitted Sept. 7, 1990.

Decided Dec. 17, 1991.

As Amended Dec. 19, 1991.

Rick Surratt (non-attorney practitioner) and Edward R. Heath, Sr., St. Petersburg, Fla., were on the brief, for appellant.

Raoul L. Carroll, then Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L.

Wood, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Clyde A. Cartright, Jr., seeks review of a September 28, 1989, Board of Veterans' Appeals (BVA or Board) decision which denied his reopened claim for service-connected asthma. We hold that, by indiscriminately rejecting material evidence, the Board committed error which requires remand. We also note that absent this error, the case would still require remand since the Board did not provide an adequate statement of reasons or bases to support its factual findings.

Appellant served in the armed services from August 1943 to March 1946. In December 1945, he was hospitalized with acute bronchial asthma. R. at 1. His separation examination, dated March 15, 1946, revealed no lung or chest abnormalities, but noted that he had asthma since November 1945 and surmised that it would result in a disability. R. at 7. A month after discharge, he applied for compensation for his asthma, but a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) denied service connection on April 13, 1946.

On March 9, 1988, appellant submitted letters from Dr. Jesus Suero, his treating physician since 1983, and Leland J. Griffith, his roommate from 1941 through 1943. Dr. Suero stated that appellant suffered from asthmatic bronchitis when he began treating him in 1983. Mr. Griffith, who lived with appellant before the war, maintained that appellant did not suffer from asthma or other respiratory illness between 1941 and 1943. Mr. Griffith further claimed that he has visited appellant at least once a year since 1946 and that appellant has suffered from an asthmatic condition since that time. Appellant also submitted a number of private physician and private outpatient clinic records for the period 1960 to 1983. On March 29, 1988, the VA issued a rating determination which

denied appellant service connection for asthma. The Board affirmed that decision on September 28, 1989. Appellant filed a timely notice of appeal with this Court.

In its decision, the Board wrote, "[t]he veteran's contention that he was treated continuously for asthma from 1946 to 1962 is not sufficient to establish that which has not been clinically documented." We surmise from this statement that the Board believes that lay evidence alone cannot prove service connection, but that service connection can only be established through medical records. This constitutes error. Nowhere do VA regulations provide that a veteran must establish service connection through medical records alone:

> Service connection ... means that the facts, shown by *evidence*, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein.... Determinations as to service connection will be based on review of the *entire evidence of record* ...

38 C.F.R. § 3.303(a) (1991) (emphasis added). *See* 38 U.S.C. § 1154(a) (formerly § 354(a)).

The Secretary cannot ignore appellant's testimony simply because appellant is an interested party. *See Hatlestad v. Derwinski*, 1 Vet.App. 164, 170, 171 (1991) (BVA cannot treat a veteran's sworn testimony only as a part of his contentions; it must account for and explain its reasons for rejecting the testimony). At common law, a party was generally not considered a competent witness; this is no longer true. Interest in the outcome of a proceeding has long since ceased to be a basis upon which to disqualify witnesses. Although interest may affect the credibility of testimony, it does not affect competency to testify. *Dixie Ohio Express Co. v. Lowery*, 115 F.2d 56, 57 (5th Cir.1940). In *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990), we wrote "when a veteran seeks benefits and the evidence is in relative equipoise, the law dictates that the veteran prevails." *See* 38 C.F.R. § 3.303(d) (1991). Appellant's

sworn statement, then, unless sufficiently rebutted, may serve to place the evidence in equipoise.

■ This Court's function is not to make factual determinations, but to decide whether the BVA's factual determinations constitute clear error. *Gilbert v. Derwinski*, at 52 (1990). Such a determination, however, requires a decisional document which allows for effective judicial review. Consequently, the BVA is required, under 38 U.S.C. § 7104(d)(1) (formerly § 4004), to articulate reasons or bases for its decision. The BVA decision at hand contains neither an analysis of the credibility or probative value of the evidence submitted by the veteran, nor a statement of the reasons or bases for the Board's implicit rejection of this evidence and its conclusion that the doctrine of reasonable doubt was inapplicable. Appellant has never been provided with a satisfactory explanation by the BVA as to why it did not find his sworn testimony credible, especially why, under "the benefit of the doubt" rule in 38 U.S.C. § 5107(b) (formerly § 3007), the evidence was not at least in relative equipoise, in which case "the law dictates that [the claimant] prevails". *Gilbert*, at 54. The Board should have weighed and considered appellant's testimonial evidence and decided whether his testimony was credible.

■ Accordingly, the decision of the BVA is REVERSED and the matter is REMANDED pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). The BVA is directed to comply promptly with the requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) that its findings and conclusions be accompanied by "reasons or bases" adequate to explain to the veteran and, if review is sought, to this Court, its factual findings, and its conclusion that the veteran is not entitled to "benefit of the doubt" under 38 C.F.R. § 3.102.