Citation Nr: 1536765 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 09-21 001 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for a right shoulder disability. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Catherine Cykowski, Counsel


INTRODUCTION

The Veteran had active duty service from February 1979 to October 1979.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

In October 2011, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record. Following the hearing, the record was held open for 30 days to allow the Veteran to submit additional evidence. 

The Board previously remanded this matter for additional development in March 2012 and August 2014. The development order in the March 2012 and August 2014 remands has been completed, and the case has been returned to the Board for appellate review.


FINDING OF FACT

A right shoulder disability began in service and has been continuous since service. 


CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for a right shoulder disability, diagnosed as arthritis, have been met. 38 U.S.C.A. §§ 1131, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.309 (2014).





REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duties to Notify and Assist

In view of the favorable disposition below, the Board finds that all notification and development actions necessary to render a fair decision on the claim, including affording the Veteran a sufficient Board hearing pursuant to Bryant v. Shinseki, 23 Vet. App. 488 (2010), and 38 C.F.R. § 3.103(c)(2) (2014), have been accomplished. The Board finds that no further notification or assistance is necessary, and that deciding the appeal at this time is not prejudicial to the Veteran.

Analysis of Claim

Service connection will be granted if it is shown that the veteran suffers from disability resulting from an injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.A. § 1131; 38 C.F.R. 
§ 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996).

The Veteran has been diagnosed with degenerative joint disease of the right shoulder. Arthritis is a "chronic disease" listed under 38 C.F.R. § 3.309(a); therefore, the theory of continuity of symptomatology under 38 C.F.R. § 3.303(b) applies in this case. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Where the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, the disease shall be presumed to have been incurred in service. For the showing of "chronic" disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease, at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally a showing of "continuity of symptoms" after service is required for service connection. 38 C.F.R. § 3.303(b). 

Additionally, where a veteran served 90 days or more of active service, and certain chronic diseases, such as arthritis, became manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in or aggravated by service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within a presumptive period, it must be shown, by acceptable medical or lay evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id. 

Competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify"). 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim must be denied. 
38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102, Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

In statements and testimony in support of his claim, the Veteran has asserted that his right shoulder was injured during service. At the Board hearing, the Veteran testified that a sergeant flipped him out of bed, and he landed on his shoulder. The Veteran testified that another private jumped on him and injured his shoulder. The Veteran testified that he was diagnosed with tendinitis during service. The Veteran testified that his shoulder bothered him since service. The Veteran testified that he did not have shoulder injuries other than the ones on active duty. The Veteran testified that he has received treatment for his shoulder since the 1980's. 

The Veteran served on active duty from February 1979 to October 1979. Service treatment records reflect complaints and treatment pertaining to the right shoulder. In March 1979, the Veteran reported a chief complaint of the right shoulder hurting for two days. Physical examination showed full range of motion of the shoulder with no edema and no crepitus. The Veteran was diagnosed with muscular pains. In May 1979, the Veteran reported right shoulder pain. He could not associate it with any activity, except for lifting weights. He denied numbness but reported that it radiated into his hand. On physical examination, full range of motion and exquisite tenderness of the bicipital groove were noted. The Veteran was diagnosed with acute bicipital tendinitis. An August 1979 entry reflects that the Veteran reported pain and tenderness of the right shoulder after he was involved in a fight. Physical examination showed mild tenderness and swelling of the right shoulder. The Veteran was diagnosed with a contusion. An August 1979 x-ray report of the right shoulder was negative. The x-ray report noted that the Veteran reported a history of being assaulted. No complaints or findings of a right shoulder condition were noted upon separation.

The evidence of record does not show that arthritis of the right shoulder manifested to a compensable degree within one year of separation from service in October 1979. Therefore, service connection for arthritis of the right shoulder may not be presumed. 38 C.F.R. §§ 3.307, 3.309.

Post-service treatment records reflect treatment for the right shoulder from 1982. An August 1982 VA outpatient record shows that the Veteran reported recurrent right shoulder pain. A diagnosis of a questionable labrum tear was noted. In November 1982, the Veteran complained of recurrent right shoulder pain since 1979. A diagnosis of chronic right shoulder pain was noted. An October 1984 entry reflects that the Veteran reported intermittent right shoulder pain for five years. A diagnosis of biceps tendonitis was noted. 

Private treatment records from University Hospitals, dated in November 2004, reflect that the Veteran complained of pain in the right arm. He reported the onset of pain a month earlier when lifting weights. The Veteran reported a history of a rotator cuff repair in 1990. He reported that he originally injured his shoulder lifting. The date of the reported lifting injury was not noted in the record. 

Upon VA examination in August 2008, the Veteran reported that he had a fight during service and was diagnosed with some type of tendinitis. The Veteran reported chronic shoulder pain since that time. He denied other injuries, accidents or traumas. The examiner noted that a rotator cuff tear was diagnosed in 2004, and the Veteran had arthroscopic surgery and debridement. The examiner diagnosed postop rotator cuff tear, right shoulder. The examiner opined that the Veteran's rotator cuff tear is not related to service but rather is a natural phenomenon. 

VA treatment records reflect that the Veteran underwent subacromial decompression of the right shoulder in April 2011. 

An x-ray report dated in September 2011 reflects that there was no fracture or dislocation identified. No joint space narrowing was seen. There were mild degenerative changes about the AC joint. The Veteran reported that the problem had its onset in 1979 when he was "jumped" in boot camp and fell on his right arm, injuring his shoulder. 

Upon VA examination in August 2012, the examiner described a history of tendinitis in 1984 and strain in 1979. The examiner opined that the Veteran's shoulder condition is not related to service. The examiner noted his prior opinion in 2008 that the condition was not related to service but natural phenomenon and arthritis. The examiner also noted a history of recent surgery in 2011 due to AC (acromioclavicular) arthritis.

An addendum opinion was obtained in May 2015. The examiner referred to the prior examinations in 2008 and 2012. The examiner opined that it is unlikely that the Veteran's in-service bicipital tendinitis caused his severe shoulder arthritis and multiple operations for rotator cuff disease and arthritis of the AC joint because there is a 25-year gap (1979-2004) between these events and because shoulder arthritis occurs more commonly due to aging and other factors. The examiner, however, did not address the significance of the post-service medical records from the 1980's documenting a history of ongoing and chronic right shoulder symptoms, nor did she provide an adequate medical basis for discounting the Veteran's statements as to the presence of right shoulder symptomatology since service. As such, the Board does not attach significance probative weight to this opinion.

Service connection for arthritis of the right shoulder may not be presumed, as the Veteran was not diagnosed with arthritis during or within a year of service. The Veteran has reported a right shoulder pain since injuries in service. The Veteran is competent to report shoulder pain. See Layno v. Brown, 6 Vet. App. 465 (1994). Veteran reported shoulder injuries in service and was diagnosed with acute bicipital tendinitis. Several post-service treatment records reflect that the Veteran consistently reported a history of shoulder pain since 1979. In 1982, the Veteran reported shoulder pain since service, and a 1984 treatment record noted a five-year history of shoulder pain. A VA treatment record dated in 2012 also noted the onset of right shoulder pain in 1979. Thus, the Board finds the Veteran to be credible with regard to his testimony of continuous right shoulder symptoms since service. 

In light of the above evidence, and affording the Veteran the benefit of the doubt, the Board finds the lay statements and testimony of right shoulder symptoms since service to be competent and credible. This evidence coupled with the favorable medical evidence outlined above, places the evidence in equipoise. As such, the Board finds that it is at least as likely as not that a right shoulder disability began in service and has continued to the present. Accordingly, resolving any reasonable doubt in the Veteran's favor, the Board finds that service connection for arthritis of the right shoulder is warranted. 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 3.102, 3.303(b) (2014).

ORDER

Service connection for arthritis of the right shoulder is granted. 



____________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs