﻿Citation Nr: 18115447
Decision Date: 07/03/18 Archive Date: 07/02/18

DOCKET NO. 15-41 097A
DATE: July 3, 2018
ORDER
Entitlement to an increased 50 percent rating effective from December 6, 2013, for migraine headaches is granted, subject to the regulations governing the payment of monetary awards.
Entitlement to a rating in excess of 50 percent for migraine headaches after December 12, 2017, is denied.
REMANDED
Entitlement to service connection for bilateral blindness is remanded.
Entitlement to service connection for a traumatic brain injury (TBI) is remanded.
Entitlement to service connection for an acquired psychiatric disorder, to include polysubstance abuse, is remanded.
Entitlement to a rating in excess of 30 percent for insomnia is remanded.
Entitlement to a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU) is remanded.
FINDINGS OF FACT
1. The evidence demonstrates that the Veteran’s migraine headaches disability, since the date of his original claim (December 6, 2013), was manifested by very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability.
2. The record shows that the Veteran is receiving the maximum schedular rating for his migraine headaches disability.
CONCLUSIONS OF LAW
1. The criteria for entitlement to a 50 percent rating for migraine headaches have been met for the period from December 6, 2013. 38 U.S.C. §§ 1155, 5107 (2012), 38 C.F.R. §§ 4.1, 4.3, 4.124a, Diagnostic Code 8100 (2017).
2. The criteria for a rating in excess of 50 percent for migraine headaches have not been met. 38 U.S.C. §§ 1155, 5107 (2012), 38 C.F.R. §§ 4.1, 4.3, 4.124a, Diagnostic Code 8100 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The appellant is a Veteran who served on active duty from May 1977 to February 1979. 
This matter comes before the Board of Veterans’ Appeals (Board) on appeal from rating decisions in October 2014 and March 2016 by the Atlanta Regional Office (RO) of the Department of Veterans Affairs (VA). The Board, in pertinent part, remanded the issues on appeal for additional development in November 2017. A subsequent May 2018 rating decision granted entitlement to an increased 50 percent rating for the service-connected migraine headache disability effective from December 12, 2017. Although the Veteran provided a notice of disagreement as to the effective date of the increased award, the issue of entitlement to an increased rating prior to December 12, 2017, remains on appeal. The issue listed on the title page as to this matter has been accordingly revised.
Increased Rating

1. Entitlement to a compensable rating prior to December 12, 2017, for migraine headaches, and in excess of 50 percent after December 12, 2017.
Disability evaluations are determined by the application of VA’s Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4. This Rating Schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The percentage ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and their residual conditions in civil occupations. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. For the application of this schedule, accurate and fully descriptive medical examinations are required, with emphasis upon the limitation of activity imposed by the disabling condition. Over a period of many years, a veteran’s disability claim may require reratings in accordance with changes in laws, medical knowledge and his or her physical or mental condition. It is essential, both in the examination and in the evaluation of disability, that each disability be viewed in relation to its history. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.1 (2017).
The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

It is the responsibility of the rating specialist to interpret reports of examination in the light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability present. 38 C.F.R. § 4.2 (2017). Consideration of factors wholly outside the rating criteria constitutes error as a matter of law. Massey v. Brown, 7 Vet. App. 204, 207-08 (1994). Evaluation of disabilities based upon manifestations not resulting from service-connected disease or injury and the pyramiding of ratings for the same disability under various diagnoses is prohibited. 38 C.F.R. § 4.14 (2017). 
Diagnostic Code 8100 provides a maximum 50 percent schedular rating with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability; a 30 percent rating with characteristic prostrating attacks occurring on an average once a month over last several months; a 10 percent rating with characteristic prostrating attacks averaging one in 2 months over last several months, and a 0 percent rating with less frequent attacks. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.124a, DC 8100 (2017).
It is the policy of VA to administer the law under a broad interpretation, consistent with the facts in each case with all reasonable doubt to be resolved in favor of the claimant. However, the reasonable doubt rule is not a means for reconciling actual conflict or a contradiction in the evidence. 38 C.F.R. § 4.3 (2017).
The Veteran contends that his service-connected migraine headaches are more severely disabling than the present evaluations. His claim for headaches was received by VA on December 6, 2013, and an October 2014 rating decision established service connection for migraine headaches with a zero percent rating effective from that date. 
Service treatment records dated in January 1978 noted the Veteran was continued on a physical training profile for headaches and that in January 1979 he was treated for headaches and cold symptoms. He noted having frequent or severe headaches in a February 1979 report of medical history. 
Private treatment records dated in March 2000 noted the Veteran complained of headaches with a gradual onset over two days. It was noted he had no past history of headaches. A diagnosis of acute cephalgia was provided.
VA treatment records dated in October 2007 show the Veteran complained of headaches and seizures two to three time per day since 1998. In September 2008, he reported having headaches and seizures for the previous six weeks after he was knocked unconscious when he walked into a ceiling fan. An April 2009 report noted he stated he was doing well and that his seizures and headaches had decreased. Examinations in October 2009 and April 2010 were negative for headaches. 
VA headaches examination in May 2014 included a diagnosis of unspecified headaches. It was noted the Veteran complained of daily headaches which he graded 12 on a 10-point scale. No aura or scotomas were noted. There was no history of migraines, cluster, or tension headaches and they were not worsened by any specific activity. They were improved by rest. No medication was taken for the disorder. His symptoms of headache pain were described as involving both sides of the head and associated with vomiting. Typical duration was less than one day. He had prostrating attacks of non-migraine headaches pain more frequently than once per month. They were described as very frequently prostrating and prolonged. The examiner found the headache condition impacted his ability to work, noting they occurred daily and could be present when he went to bed and awoke in the morning. It was noted the Veteran associated his headaches with his vision loss. 
VA treatment records dated in June 2015 and September 2015 show the Veteran complained of chronic headaches. An October 2015 report noted he complained of chronic headaches that were worsening. 
VA headaches examination in December 2017 included a diagnosis of migraine headaches including migraine variants. It was noted the Veteran used medication for the disorder and that he experienced constant headache pain, pulsating or throbbing head pain, pain on both sides of the head, pain that worsened with physical activity, nausea, vomiting, sensitivity to light, and sensitivity to sound. The duration of typical head pain was one to two days and located on both sides of the head. There were characteristic prostrating attacks more frequently than once per month and prostrating and prolonged attacks of pain productive of severe economic inadaptability. 
Based upon the evidence of record, the Board finds the Veteran’s service-connected migraine headaches disability since the date of his original claim (December 6, 2013) was manifested by very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability. The May 2014 and December 2017 VA examination findings are consistent and indicative of a severe headache disability. There is no contrary medical evidence. Therefore, entitlement to an increased 50 percent disability rating effective from the date of his claim on December 6, 2013.
The record shows that the 50 percent rating is the maximum schedular rating for the Veteran’s migraine headaches disability. Although the record indicates additional medical problems asserted to have been associated with headaches, the overall evidence of record does not demonstrate symptoms warranting consideration of higher or alternative ratings under other diagnostic code criteria for the service-connected disability. The May 2014 and December 2017 VA examination reports are found to be persuasive and adequate for VA compensation purposes. Therefore, a 50 percent rating from December 6, 2013, but no higher, is warranted.
The Board acknowledges that the Veteran is competent to report observable symptoms. See Barr v. Nicholson, 21 Vet. App. 303 (2007); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Layno v. Brown, 6 Vet. App. 465 (1994). He is not, however, competent to identify a specific level of disability. Competent evidence concerning the nature and extent of the Veteran’s service-connected disability has been provided by VA medical professionals who have examined him. The medical findings directly address the criteria under which the disability is evaluated. The Board accords these objective records greater weight than the Veteran’s subjective complaints of increased symptomatology. See Cartwright v. Derwinski, 2 Vet. App. 24, 25 (1991). 
The Board further finds that extraschedular rating consideration was not raised in this case and that the evidence does not present any exceptional or unusual circumstances. Doucette v. Shulkin, 28 Vet. App. 366 (2017) (holding that either the veteran must assert that a schedular rating is inadequate or the evidence must present exceptional or unusual circumstances). No further action as to this specific matter is required.
REASONS FOR REMAND
1. Entitlement to service connection for bilateral blindness is remanded.
2. Entitlement to service connection for a TBI is remanded.
3. Entitlement to service connection for an acquired psychiatric disorder, to include polysubstance abuse, is remanded.
4. Entitlement to a rating in excess of 30 percent for insomnia is remanded.
5. Entitlement to a TDIU is remanded.
Although these issues were previously remanded for additional development, the examinations obtained by VA are not adequate for appellate review. A remand by the Board confers on a veteran or other claimant, as a matter of law, the right to compliance with the remand orders. See Stegall v. West, 11 Vet. App. 268 (1998). 
As to the bilateral blindness and TBI issues the November 2017 Board remand directives requested opinions based upon a complete neurological work-up. It was noted that a May 2014 VA eye disabilities examiner had reported that the diagnoses of early bilateral cataracts and nystagmus appeared to be neurological disorders and that a complete neurological work-up was deemed necessary to determine the etiology for the Veteran’s blindness. Opinions were subsequently obtained by a VA ophthalmologist and a VA psychiatrist in December 2017; however, neither examiner is shown to have conducted a neurologic work-up nor to have explained why a neurologic work-up was not warranted in this case. 
As to the service connection acquired psychiatric disorder and increased rating insomnia issues the November 2017 remand directives requested a VA mental disorders examination for an etiology opinion for an acquired psychiatric disorder including as proximately due to a service-connected disability and requested an assessment of the current nature and extent of the service-connected insomnia disability. Although a VA mental disorders examination was obtained in December 2017, the examiner did not address whether a psychiatric disorder had been caused or aggravated by a service-connected disability, did not otherwise comment on the June 2015 private medical opinion providing a diagnosis of depressive disorder that was more likely than not aggravated by service-connected insomnia, tinnitus, and hearing loss disabilities, and only stated that the Veteran’s insomnia was active without addressing the extent of the disability. The TDIU issue on appeal is inextricably intertwined with the increased rating issue on appeal.
The matters are REMANDED for the following action:
1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any bilateral blindness or TBI disability. The examiner must conduct a complete neurologic work-up or explain why such a work-up is not warranted in this case and must address whether it is at least as likely as not that any bilateral blindness or TBI are (1) proximately due to service-connected disability, or (2) aggravated beyond its natural progression by service-connected disability.

2. Obtain an addendum opinion from the December 2017 VA psychiatrist, if available, regarding whether any manifest acquire psychiatric disorder other than insomnia is at least as likely as not (1) proximately due to service-connected disability, or (2) aggravated beyond its natural progression by service-connected disability. The pertinent evidence of record should be summarized, including the findings of the June 2015 private examiner. An opinion as to the current nature and extent of the Veteran’s service-connected insomnia disability must be provided and the manifest symptoms attributable to that disability must be identified. If the December 2017 VA psychiatrist is unavailable, schedule the Veteran for another examination by a psychiatrist.

 
MICHAEL A. HERMAN
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD T. Douglas, Counsel