﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190820-24637
DATE: October 31, 2019

ORDER

A rating higher than 20 percent for left shoulder arthritis is denied.

A rating higher than 20 percent for right shoulder tenosynovitis is denied.

A rating higher than 10 percent for left knee tendonitis is denied.

A rating higher than 10 percent for right knee tendonitis is denied.

A 20 percent rating for left knee instability associated with tendonitis is granted.

A 20 percent rating for right knee instability associated with tendonitis is granted.

Service connection for a left foot disability is denied.

Service connection for right foot disability is denied.

Service connection for a left hip disability is denied.

Service connection for a right hip disability is denied.

Service connection for a lumbar spine disability is denied.

FINDINGS OF FACT

1. Range of motion of the left and right shoulders is at least 70 degrees of flexion and abduction, even when accounting for flare-ups and repetitive use over time.

2. Range of motion of the left and right knees is at least 60 degrees of flexion, even when accounting for flare-ups and repetitive use over time.

3. Left and right knee instability is manifested by objective findings of 1+ instability laterally and medially with a history of moderate impairment.

4. The preponderance of the evidence of record is against finding that the Veteran has had an orthopedic disability of the left or right foot at any time during or approximate to the pendency of the claim and is against finding that current bilateral lower extremity edema began during active service or is otherwise related to an in-service injury or disease.

5. The Veteran’s left and right hip osteoarthritis was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise etiologically related to an in-service injury or disease.

6. The Veteran’s lumbar spine degenerative disc disease and stenosis were not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disabilities are not otherwise etiologically related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for ratings higher than 20 percent for left shoulder arthritis and right shoulder tenosynovitis have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.7, 4.40, 4.45, 4.71a, Diagnostic Code (DC) 5201.

2. The criteria for ratings higher than 10 percent for left and right knee tendonitis have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.7, 4.40, 4.45, 4.71a, DC 5260.

3. The criteria for 20 percent ratings each for left and right knee instability associated with tendonitis have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.7, 4.71a, DC 5257.

4. The criteria for service connection for a left or right foot disability are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

5. The criteria for service connection for a bilateral hip disability are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

6. The criteria for service connection for a lumbar spine disability are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service in the U.S. Army from March 1946 to March 1949. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from February 2019 and July 2019 rating decision. The Veteran appealed those to the Board in August 2019 through the direct review option, and therefore declined the opportunity to submit additional evidence or testify at a Board hearing.

In a very recent (October 2019) rating decision, VA determined that the Veteran was not competent to handle his disbursement of funds. Additional correspondence shows that the process of selecting a fiduciary for the Veteran is currently underway. Therefore, while the Board acknowledges VA’s finding of incompetency, there is no fiduciary of record at the time of this decision.

In addition, while the Veteran’s claims for service connection for the left hip, right hip and lumbar spine were previously denied in an October 2006 final rating decision, the February 2019 rating decision on appeal “reopened” those claims and this favorable finding will not be disturbed by the Board. As a result, those service connection claims are on appeal on their merits.

Finally, in its October 2019 brief, the Veteran’s representative referenced the issue of special monthly compensation based on the need for aid and attendance. That claim was denied in an August 2019 rating decision and has not yet been appealed. Therefore, the Board will not discuss it in this decision.

Increased Ratings

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. The percentage ratings are based on the average impairment of earning capacity and individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3.

VA must analyze the evidence of pain, weakened movement, excess fatigability, or incoordination and determine the level of associated functional loss in light of 38 C.F.R. § 4.40, which requires the VA to regard as “seriously disabled” any part of the musculoskeletal system that becomes painful on use. DeLuca v. Brown, 8 Vet. App. 202 (1995). However, pain that does not result in additional functional loss does not warrant a higher rating. See Mitchell v. Shinseki, 25 Vet. App. 32 (2011) (holding that pain alone does not constitute function loss but is just one fact to be considered when evaluating functional impairment).

1. Left shoulder arthritis and right shoulder tenosynovitis

The Veteran is currently assigned 20 percent ratings in each of his shoulders under 38 C.F.R. § 4.71a, DC 5201. Normal motion of the arm is 180 degrees of flexion and 180 degrees of abduction. 38 C.F.R. § 4.71a, Plate I.

Under DC 5201, a 20 percent rating is assigned when motion of the arm is limited to shoulder level (90 degrees). A higher 30 percent rating is assigned when motion of the major (dominant) arm is limited to midway between the side and shoulder level (45 degrees). A 30 percent rating for the minor (non-dominant) arm requires motion limited to just 25 degrees from the side. The Veteran is right-handed.

The Board finds that ratings higher than 20 percent are not warranted for either shoulder. A February 2019 VA examination found that range of motion of both arms was at least 70 degrees for both flexion and abduction, even when accounting for repetitive use over time and flare-ups. VA treatment records from June 2018 also show upper extremity range of motion to be within normal limits, though specific measurements were not recorded.

Although 70 degrees is less than shoulder level (90 degrees), a higher rating for the right (dominant) is not appropriate because the demonstrated 70 degrees of motion during flare-ups is closer to 90 degrees than it is to the 45 degrees necessary for the higher rating. Moreover, outside of flare-ups and repetitive use over time, range of motion was measured at 90 degrees. See 38 C.F.R. § 4.7 (the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating, otherwise the lower rating will be assigned).

In its October 2019 brief, the Veteran’s representative argued that separate ratings could be assigned under DC 5201: one rating for limited flexion and another for limited abduction. It cited to Mariano v. Principi, 17 Vet. App. 305 (2003). However, that case essentially held that there were two possible interpretations of DC 5201, namely whether it required limitation in all planes (i.e., both flexion and abduction) or limitation in any one plane. It did not state that one rating could be assigned for each plane as argued by the representative. Moreover, the rating schedule provides separate ratings for different planes of motion for other joints. See, e.g., DC 5260 (limitation of flexion of the leg) and DC 5261 (limitation of extension of the leg). Therefore, the Board finds that DC 5201 provides a single rating based on either flexion or abduction, but not separate ratings.

 

2. Left and right knee tendonitis

The Veteran is currently assigned a 10 percent rating in each knee under 38 C.F.R. § 4.71a, DC 5260, which addresses limitation of flexion in the leg. The 10 percent rating is assigned when flexion is limited to 45 degrees. A higher 20 percent rating is assigned when flexion is limited to 30 degrees.

The Board finds that a higher rating is not warranted for either knee. A February 2019 VA examination at least 60 degrees of flexion in both knees, even after repetitive use over time and flare-ups, which does not satisfy the criteria for the higher 20 percent rating. This examination is the only evidence from the appeal period which directly addresses the rating criteria.

The Board has also considered whether a separate rating under DC 5261 for limitation of extension is appropriate. However, the VA examination documented full (0 degrees) extension in both knees, including with repetitive use over time and flare-ups. A 10 percent rating under DC 5261 requires extension limited to at least 10 degrees.

The Veteran’s knees are also manifested by instability, which is discussed below. Otherwise, there are no other rating codes applicable to his service-connected knee disabilities.

3. Left and right knee instability associated with tendonitis

The Veteran is currently assigned a 10 percent rating in each knee under 38 C.F.R. § 4.71, DC 5257 for instability. Under this code, 10, 20 and 30 percent ratings are assigned for slight, moderate and severe recurrent instability or lateral subluxation, respectively.

Descriptive terms such as “slight,” “moderate,” and “severe” are not defined in the Rating Schedule. Rather than applying a mechanical formula, VA must evaluate all the evidence to the end that its decisions are equitable and just. 38 C.F.R. § 4.6.

Here, the Board finds that 20 percent ratings are warranted. For both knees, the February 2019 VA examination documented objective findings of 1+ medial instability and 1+ lateral instability and a history of “moderate” instability. Although the objective findings indicate minimal levels of instability, they are present both medially and laterally. When combined with the “moderate” history, the Board concludes that the Veteran’s knees are manifested by an overall moderate level of instability consistent with 20 percent ratings in each knee.

Neither the objective findings of 1+ instability nor the moderate history noted by the examiner are consistent with the “severe” impairment consistent with the maximum 30 percent ratings.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

4. Left and right foot disabilities

A review of the record does not show any diagnosis of a left or right foot orthopedic disability or complaints of joint pain in the foot. The only evidence of a foot condition are findings of lower extremity edema, which is most likely associated with the Veteran’s severe aortic stenosis as indicated by his August 2017 VA records. 

The Board concludes that the preponderance of the evidence is against finding that lower extremity edema associated with aortic stenosis began during active service, or is otherwise related to an in-service injury, event, or disease. Service treatment records are negative for any complaints, treatment or diagnoses of lower extremity edema, and neither the Veteran nor his representative have asserted that such edema or the associated aortic stenosis began during service or are otherwise related to service.

In its October 2019 brief, the Veteran’s representative referenced Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018), which held that “pain alone, without an accompanying diagnosis of a present disease, can qualify as a disability” if it “reaches the level of a functional impairment of earning capacity.” Id. at 1367-69. However, outside of the edema discussed above, the evidence does not even reflect any specific complaints of foot pain that would warrant finding a current disability.

5. Left and right hip disabilities

6. Lumbar spine disability

The claimed hip and spine disabilities are factually similar and will be discussed together.

The Veteran has a current diagnosis of bilateral hip osteoarthritis and lumbar spine degenerative disc disease as evidenced by a June 2015 VA examination, with subsequent bilateral partial hip replacement. Arthritis, including degenerative disc disease, is an enumerated condition under 38 C.F.R. § 3.309(a).

However, the hip and spine disabilities were not shown as chronic in service, did not manifest to a compensable degree within a presumptive period, and were not noted in service with attributable continuity of symptomatology. VA treatment records show the Veteran was not diagnosed with hip arthritis and lumbar spine degenerative disc disease until 2005 and 2006, respectively. This is several decades after his separation from service and decades outside of the applicable presumptive period. 

While the Veteran is competent to report experiencing hip and low back-related symptoms since service, the Board finds the reports of continuity of symptomatology not credible. During his VA examination, the Veteran reported injuring his right hip after hitting a tree during a parachute jump, as well as a history of over 50 jumps during service. VA records from July 2003 show he reported that his left leg landed in a hole during one jump, which caused him to jam his right leg. 

Notwithstanding the above, service treatment records are negative for any complaints, treatment or diagnoses related to a hip disability. The only complaint of back pain was in the context of a diagnosis of tonsillitis. Moreover, post-service VA treatment records, which date back to 1998, do not show any complaints of a hip or spine problem until July 2003, which is when the Veteran first filed his claim for service-connected benefits. Cartwright v. Derwinski, 2 Vet. App. 24, 25 (1991) (a pecuniary interest may affect the credibility of testimony).

In unrelated examinations from August 2017, the Veteran referenced racism he experienced in service for why he may not have reported certain medical conditions. He stated that he was not free to speak regarding such matters, and if black soldiers told their commanders they were injured, they would be discharged. The Board fully acknowledges the historical context of the Veteran’s service from 1946 to 1949. However, his service treatment records document complaints and treatment for an eyelid wart and other eye-related complaints, tonsillitis, and mononucleosis, as well as a report of headaches, weakness and anorexia possibly related to mumps. As noted, the Veteran’s records for tonsillitis include a reference to back pain. Given these documented medical complaints, the lack of any reference to a hip injury or specific back problem strongly suggests no such problem was present. See AZ v. Shinseki, 731 F.3d 1303, 1318 (Fed. Cir. 2013) (recognizing the widely-held view that the absence of an entry in a record may be considered evidence that the fact did not occur if it appears that the fact would have been recorded if present).

Service connection for bilateral hip osteoarthritis and lumbar spine degenerative disc disease, may still be granted on a direct basis; however, the preponderance of the evidence is against finding that a medical nexus exists between the Veteran’s current disabilities and an in-service injury, event or disease. 38 U.S.C. §§ 1110, 1131; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303. 

The June 2015 VA examiner could only speculate as to whether the Veteran’s current hip arthritis and disc disease were related to service. She acknowledged that paratroopers such as the Veteran were prone to hip injuries, but also noted that there was almost a 60-year gap between his military service and the onset of his conditions. This gap was too long for her to say whether they were due to injury in service or the effects of natural aging and wear and tear.

The examiner provided an explanation for her speculative opinion and therefore it is adequate. Jones v. Shinseki, 23 Vet. App. 382, 389-390 (2010). Unfortunately, there is no competent medical opinion to otherwise establish a link between the Veteran’s current bilateral hip and spine disabilities and service.

While the Veteran believes his conditions are related to parachute jumps in service, he has not shown the necessary medical knowledge or expertise to provide a competent nexus opinion in this case.

 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.