﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 201007-111112
DATE: January 29, 2021

ORDER

Entitlement to an initial compensable rating for residuals of bladder cancer is denied. 

FINDING OF FACT

The residuals of the Veteran’s bladder cancer do not approximate renal dysfunction or voiding dysfunction.

CONCLUSION OF LAW

The criteria for an initial compensable rating for residuals of bladder cancer have not been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.7, 4.10, 4.21, 4.115a, 4.115b, Diagnostic Code (DC) 7528.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from December 1963 to November 1967. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review dated on or after February 19, 2019. As this case is based on a VA rating decision dated after February 19, 2019, this decision has been written consistent with the new AMA framework.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from an October 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) which granted the Veteran’s claim for residuals of bladder cancer, and assigned a noncompensable (zero percent) rating, effective August 22, 2013. In an October 2020 Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182), the Veteran timely appealed that decision to the Board and requested direct review of the evidence considered by the RO. 38 C.F.R. § 20.202. 

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c).

Initial rating for residuals of bladder cancer 

Disability ratings are determined by applying the criteria set forth in the VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10. In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran’s disability. 38 C.F.R. §§ 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. It is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21.

In deciding this appeal, the Board has considered whether separate ratings for different periods of time, based on the facts found, are warranted, a practice of assigning ratings referred to as “staged” ratings. See Fenderson v. West, 12 Vet. App. 119 (1999).

The Veteran contends that he is entitled to an initial ten percent disability rating for residuals of his service-connected bladder cancer based on “daytime voiding interval between two and three hours” and having “an average 2 to 3 voiding[s] during the night as well.” See October 2019 VA Form 21-4138, Statement in Support of Claim. 

The Veteran’s bladder cancer residuals are rated under 38 C.F.R. § 4.115 b, DC 7528, which contemplates malignant neoplasms of the genitourinary system (e.g. bladder cancer). Under DC 7528, following the cessation of surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure, a rating of 100 percent shall continue with a mandatory VA examination at the expiration of 6 months. If there has been no local reoccurrence or metastasis, rate on residuals as voiding dysfunction or renal dysfunction, whichever is predominant. 38 C.F.R. § 4.115 b, DC 7528. Here the Veteran has contended he has voiding and urinary problems but there is no evidence of renal dysfunction, thus his bladder cancer residuals will be evaluated as voiding dysfunction. As applicable to this case, voiding dysfunction is rated as urine leakage, frequency, or obstructed voiding. Urine leakage contemplates continual urine leakage, post-surgical urinary diversion, urinary incontinence, or stress incontinence. A 20 percent rating is warranted for urine leakage that requires the wearing of absorbent materials which must be changed less than two times per day. A 40 percent rating is warranted for the wearing of absorbent materials which must be changed two to four times per day. A 60 percent rating is warranted for continual urine leakage, post-surgical urinary diversion, urinary incontinence, or stress incontinence requiring the use of an appliance or the wearing of absorbent materials which must be changed more than four times per day. 38 C.F.R. § 4.115a.

For a rating based on urinary frequency, a 10 percent rating is warranted where there is daytime voiding interval between 2 and 3 hours, or; awakening to void 2 times per night. A 20 percent rating is warranted where there is a daytime voiding interval between one and two hours, or if the disability results in awakening to void three to four times per night. A 40 percent rating is warranted for a daytime voiding interval of less than one hour, or if the disability results in awakening to void five or more times per night. Id. 

For a rating based on obstructed voiding, a 10 percent rating is warranted for marked obstructive symptomatology (hesitancy, slow or weak stream, decreased force of stream) with any one or combination of the following: 1. Post void residuals greater than 150 cc; 2. Uroflowmetry; markedly diminished peak flow rate (less than 10 cc/sec); 3. Recurrent urinary tract infections secondary to obstruction; 4. Stricture disease requiring periodic dilatation every 2 to 3 months. A 30 percent rating is warranted for urinary retention requiring intermittent or continuous catheterization. 

Turning to the relevant medical evidence of record, the Veteran’s private treatment records dated in October 2010 note that post-operation there was no recurrence of bladder cancer. 

VA treatment records dated in February 2014, September 2014, and September 2019 reflect that the Veteran denied having dysuria, hematuria, or a weak urinary stream. VA treatment records dated in September 2018 indicate the Veteran underwent incontinence screening: within the past 12 months he did not have any characteristics of incontinence (ability, voiding, leakage, etc.).

Furthermore, Private treatment records dated in May 2016, March 2017, October 2017, and July 2019 reviewing the Veteran’s genitourinary system note the absence of any dysuria, nocturia, urinary hesitancy, incontinence, genital lesions, and testicular pain. 

The Board finds that the weight of the evidence of record indicates that the Veteran does not have symptoms more nearly approximating the criteria for a compensable rating for voiding dysfunction. The VA and private treatment reports indicate that the Veteran did not have a voiding dysfunction or trouble emptying his bladder, and the Veteran has not provided additional evidence of a voiding dysfunction which would warrant a compensable rating for urine leakage, frequency or obstructed voiding. The Board acknowledges that the Veteran referenced the frequency of both daytime and nighttime voiding in support of his claim for an initial compensable rating. However, as recently as September 2019, the Veteran denied having dysuria, hematuria, or a weak urinary stream. Thus, the Board finds the Veteran’s assertions made to a clinician for purposes of treatment to be significantly more credible and probative than his statements made to VA for purposes of seeking compensation. See Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991). Moreover, the VA and private medical records containing specific findings of a lack of history of recurrent incontinence issues are of greater probative weight than the Veteran’s lay statements. As the preponderance of the evidence reflects that the symptoms of the Veteran’s bladder cancer do not more closely approximate the criteria for a compensable rating for voiding dysfunction, the benefit of the doubt doctrine is not for application and the claim for an initial compensable rating for residuals of bladder cancer must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3.

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Kovacs, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.