Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 200501-83790
DATE: May 28, 2021

ORDER

Entitlement to service connection for lumbar spine degenerative disc disease is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran's current lumbar spine disability is related to service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a lumbar spine disability have not been met. 38 U.S.C. §§ 1110, 1112, 5107; 38 C.F.R. §§ 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 2006 to April 2010.

A rating decision was issued under the legacy system in May 2015 and the Veteran submitted a timely notice of disagreement. In January 2019, the Board remanded this matter for further development. Thereafter, in April 2020, the agency of original jurisdiction (AOJ) issued a supplemental statement of the case (SSOC). The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), in May 2020 by submitting a VA Form 10182, Decision Review Request: Board Appeal, electing the Direct Review docket. Therefore, the April 2020 SSOC is the decision on appeal and the Board may only consider the evidence of record at the time of the April 2020 SSOC. 38 C.F.R. § 20.301.

In August 2017, the Veteran testified at a Board hearing before a Veterans Law Judge. A transcript of that hearing is of record.

1. Entitlement to service connection for lumbar spine degenerative disc disease

The Veteran seeks service connection for a lumbar spine disability, which she asserts began during service and has continued since.

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Generally, to prove service connection there must be: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Where a veteran served continuously for 90 days or more during active service and certain chronic diseases, including arthritis, become manifest to a degree of 10 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

Service treatment records do not reveal treatment for or a diagnosis of a lumbar spine disability. Moreover, the Veteran denied recurrent back pain or any back problems in an October 2006, June 2009, and February 2010 report of medical history.

Post-service VA treatment records reveal the Veteran reported low back pain for a few months in September 2011 and that she pulled her back muscle the month prior, while moving stuff around at her job. She was diagnosed with degenerative disc disease after degenerative changes of the lumbar spine were shown on diagnostic testing. Thereafter, a November 2011 VA treatment record reveals the Veteran reported low back pain that began several years prior. In October 2019, the Veteran reported experiencing low back pain for five years.

The Veteran underwent a VA examination in October 2019, during which she reported that she began experiencing back pain in 2010 as a result of lifting equipment and parts during service. The examiner noted that the Veteran had a diagnosis of degenerative disc disease of the lumbar spine; however, he opined that the Veteran's current lumbar spine disability was less likely than not incurred in or caused by service. The examiner explained that the Veteran did not suffer any specific injury while in service. Moreover, the examiner noted that the Veteran did not mention any low back discomfort until September 2011, at which time she reported injuring her back at work. As such, the examiner concluded that the Veteran degenerative disc disease occurred after service and there was no chronicity of care due to a claimed in-service injury or event. There is no competent medical opinion to the contrary.

Although the Veteran claims to have experienced continued lower back pain since service, the Board finds that such assertions are not consistent with the evidence of record. Despite seeking treatment for various other conditions, service treatment records show no complaints of low back pain during service. See AZ v. Shinseki, 731 F.3d 1303, 1315 (Fed. Cir. 2013) (recognizing the widely held view that the absence of an entry in a record may be considered evidence that the fact did not occur if it appears that the fact would have been recorded if present). Additionally, the Board acknowledges an October 2008 service treatment record which notes the Veteran experienced lower back pain; however, the pain was related to the Veteran's ongoing complaint of abdominal pain. Thereafter, the Veteran denied recurrent back pain or any back problems in subsequent reports of medical history. Thus, the Board finds the contemporaneous evidence to be significantly more credible and probative than statements made for purposes of seeking compensation. See Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (VA cannot ignore a veteran's testimony simply because the veteran is an interested party; personal interest may, however, affect the credibility of the evidence); see also Buchanan v. Nicholson, 451 F.3d 1331, 1336-1337 (2006) (the lack of contemporaneous medical records, the significant time delay between the affiants' observations and the date on which the statements were written, and conflicting statements of the veteran are factors that the Board can consider and weigh against a veteran's lay evidence).

To the extent the Veteran believes that her current lumbar spine disability is related to service, as a lay person, she has not shown that she has specialized training sufficient to render such an opinion. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). In this regard, the diagnosis and etiology of back disabilities are matters not capable of lay observation and require medical expertise to determine. Thus, the opinion of the Veteran regarding the onset and etiology of her current lumbar spine disability is not competent medical evidence. 

In sum, the preponderance of the most probative evidence of record is against finding that the Veteran's lumbar spine disability is related to service, and the claim is denied. In reaching the above conclusion, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the claim, the doctrine is not for application. See Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990).

 

 

K. A. BANFIELD

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Lance, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.