﻿Citation Nr: AXXXXXXXX
Decision Date: 11/15/18 Archive Date: 11/15/18

DOCKET NO. 180917-420
DATE: November 15, 2018
ORDER
Entitlement to an initial rating in excess of 30 percent for headaches from March 3, 2015, to August 2, 2018, is denied.
Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and major depressive disorder, is denied.
FINDINGS OF FACT
1. During the appeal period, the Veteran’s headaches disability was characterized by prostrating attacks occurring on an average of once a month; headaches with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability have not been shown.
2. The Veteran does not have a corroborated stressor to form the basis of a PTSD diagnosis.
CONCLUSIONS OF LAW
1. The criteria for entitlement to an initial rating in excess of 30 percent for headaches from March 3, 2015, to August 2, 2018, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.124a, Diagnostic Code 8100.
2. The criteria for entitlement to service connection for an acquired psychiatric disorder, to include PTSD and major depressive disorder, have not been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a), 3.304(f).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran served on active duty from March 1986 to July 1990. In March 2018, the VA received the Veteran’s opt-in selection of the supplemental claim lane of his appeal through RAMP. In a July 2018 rating decision, the regional office denied the Veteran’s appeal. In September 2018, the Veteran requested a direct review of his appeal by the Board. Consequently, this case comes before the Board of Veterans’ Appeals (Board) on appeal from the July 2018 rating decision by the Department of Veterans Affairs (VA). As a result of the direct election, only evidence of record at the time of the July 2018 rating decision will be considered. 
The Board notes that although the Veteran elected in April 2018 to have his appeal undergo a higher-level review and an informal conference, the election was mooted by the Veteran’s earlier choice of the supplemental claim lane, which limited him until the July 2018 rating decision was issued. However, after the rating decision was issued, he instead chose to undergo direct review by the Board.
1. Entitlement to an initial rating in excess of 30 percent for headaches from March 3, 2015, to August 2, 2018
The Veteran is seeking an initial rating in excess of 30 percent for his service-connected headaches disability. 
Disability evaluations are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. See 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. While the Board typically considers only those factors contained wholly in the rating criteria, it is appropriate to consider factors outside the specific rating criteria when appropriate in order to best determine the level of occupational and social impairment. 
Where there is a question as to which of two separate evaluations shall be applied, the higher evaluation will be assigned if the disability more closely approximates the criteria required for that particular rating. 38 C.F.R. § 4.7. When a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of the Veteran. 38 C.F.R. § 4.3. 
In a November 2015 rating decision, the Veteran was granted service connection for headaches with a 30 percent rating under 38 C.F.R. § 4.124a, Diagnostic Code 8100. He has since disagreed with the initial rating.
In order to warrant a 30 percent rating, the Veteran’s headaches must be characterized by prostrating attacks occurring on an average of once a month over the last several months. Headaches with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability are rated at 50 percent. 38 C.F.R. § 4.124a, Diagnostic Code 8100. 
The rating criteria do not define “prostrating,” nor has the United States Court of Appeals for Veterans Claims (Court). Cf. Fenderson v. West, 12 Vet. App. 119 (1999) (in which the Court quotes Diagnostic Code 8100 verbatim but does not specifically address the matter of what is a prostrating attack). However, the Board notes that, according to Webster’s New College Dictionary 909 (3d ed. 2008), “prostration” is defined as “complete exhaustion.” Similarly, Dorland’s Illustrated Medical Dictionary 1554 (31st ed. 2007) defines “prostration” as “extreme exhaustion or powerlessness.”
Based on the evidence of record, the Board has determined that a rating in excess of 30 percent is unwarranted. Initially, the Board finds that the Veteran’s headaches are not very frequent nor prolonged. In a July 2015 VA examination, the Veteran reported episodic headaches two to three times a month, each lasting from thirty minutes to an hour. The examiner further noted that the Veteran suffers from a prostrating attack of non-migraine headache pain once every month, but specifically declined to find that he had very frequent prostrating and prolonged headache pain. The Board also concludes that the Veteran’s headaches often do not rise to the severity of completely prostrating. During a headache, he experiences pain on both sides of his head. However, he did not state that he suffered from symptoms such as nausea and vomiting. Even after allowing for the fact that he reported light and sound sensitivity with his headaches during an August 2015 VA examination for his traumatic brain injury, the evidence of record fails to show that he was affected by extreme exhaustion or powerlessness. In fact, he reported that his headache symptoms were relieved by over-the-counter pain medications. 
The Board also concludes that the Veteran’s headaches are not productive of severe economic inadaptability. In a December 2015 statement, he stated that he had a difficult time adopting day-to-day on his present job as a result of his disability and provided performance evaluations as evidence. A closer review of his performance evaluations notes items such as the Veteran leaving early for doctors’ appointments, his inability to report to work in a timely manner, and him taking leave to care of his wife and son. Nevertheless, there are no indications from these records that the Veteran missed work specifically because of his headaches disability. This conclusion is supported by the Veteran’s VA treatment records. The claims file contains several years of medical records, which include the Veteran reaching out to his medical provider for minor illnesses such as having a cold. However, there is not a single mention of an issue with headaches. Instead, the records detail his problems of mid-back pain as well as his chronic hypertension and gout. The Board would expect the Veteran to have also sought out medical attention if he suffered from very frequent completely prostrating and prolonged headache attacks. 
Consequently, the Board finds that a rating in excess of 30 percent is unwarranted for the Veteran’s headache disability. 
In considering the appropriate disability rating, the Board has also considered the Veteran’s statements that his disability is worse than the rating he currently receives. In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).
Competency of evidence differs from weight and credibility. While the Veteran is competent to report symptoms because this requires only personal knowledge as it comes to him through his senses, he is not competent to identify a specific level of disability according to the appropriate diagnostic codes. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (“although interest may affect the credibility of testimony, it does not affect competency to testify”). 
On the other hand, such competent evidence concerning the nature and extent of the Veteran’s disability has been provided by the medical personnel who have examined him during the current appeal and who have rendered pertinent opinions in conjunction with the evaluations. The medical findings (as provided in the examination reports) directly address the criteria under which the disability is evaluated.
2. Entitlement to service connection for an acquired psychiatric disorder, to include PTSD and major depressive disorder
The Veteran contends that he suffers from PTSD as a result of a military incident in November 1988 involving removing fellow servicemembers from a severe vehicle crash. He has also been diagnosed with major depressive disorder. The Board has expanded the Veteran’s claim on appeal to encompass all similar disorders. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (the scope of a disability claim includes any disability that may reasonably be encompassed by the claimant’s description of the claim, reported symptoms, and the other information of record).
Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).
VA must give due consideration to all pertinent medical and lay evidence in a case where a veteran is seeking service connection. 38 U.S.C. § 1154(a). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the veteran. 38 U.S.C. § 5107(b). 
Service connection for PTSD requires: (1) medical evidence diagnosing the condition in accordance with VA regulations; (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).
The Board concludes that the Veteran does not have a verified stressor to which a diagnosis of PTSD may be based. 
Specifically, the August 2015 VA examiner evaluated the Veteran and diagnosed him with PTSD and major depressive disorder. With regards to PTSD, the asserted stressor was a vehicle accident in Germany where a military vehicle with four live missiles crashed into a house. The Veteran recalled how the vehicle needed to be pulled out of the house before his fellow servicemembers were extracted. He directly observed the injured soldiers, including one he described as his best friend. The examiner found that the Veteran met all the necessary PTSD criteria. See Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5) (2013). The examiner also noted that the Veteran’s symptoms included a depressed mood, anxiety, chronic sleep impairment, mild memory loss, a flattened affect, and disturbances of motivation and mood. 
Despite the VA examiner’s diagnosis of PTSD, the Board must still deny the Veteran’s claim for lack of a verified in-service stressor. In order for such a diagnosis to qualify for VA purposes, an in-service stressor must be corroborated. Lay testimony alone is not sufficient to establish that a stressor occurred; it must be corroborated by credible supporting evidence. See Cohen v. Brown, 10 Vet. App. 128, 142 (1997). Initially, the Board notes that the evidence in the claims file does not indicate that the Veteran is a combat veteran under § 3.304(f)(2). Further, the Veteran’s stressor is unrelated to a fear of hostile military activity under 38 C.F.R. § 3.304(f)(3). 
In a formal statement, the Veteran stated that the car crash that forms the basis of his stressor occurred in November 1988. Although the Veteran’s service treatment records include medical reports detailing a November 1989 car crash, which forms the basis for his service-connected traumatic brain injury, the records are absent of any indications of him witnessing the described car crash. Despite the Veteran’s detailed stressor statement, the Joint Services Records Research Center (JSRRC) stated that they were unable to locate the specific unit records and that other historical documents failed to describe the car crash. The National Personnel Records Center (NPRC) also stated that it had already provided all available records. A formal finding on a lack of information required to corroborate the stressor was issued by VA in October 2015. Consequently, as service connection for PTSD requires an in-service stressor, the Board concludes that service connection for PTSD is not warranted.
Next, the Board has also considered whether service connection is warranted for any psychiatric disorder other than PTSD. In this regard, the Board note that he was recently diagnosed with major depressive disorder. 
The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.
The Board concludes that, while the Veteran has a current diagnosis of a major depressive disorder, the preponderance of the evidence weighs against finding that the Veteran’s disability began during service or is otherwise related to an in-service injury, event, or disease. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d).
There are no indications that the Veteran’s major depressive disorder manifested during service or any time before he was diagnosed during the August 2015 VA examination. The VA examiner made the diagnosis of major depressive disorder, but did not actually explicitly state that it was related to military service. Even if the VA examiner had found that it was related to the witnessing of the car crash during service, there remains a lack of corroboration that the event occurred. In an addendum opinion provided in October 2015, a VA examiner determined that the Veteran’s major depressive disorder is also unrelated to his service-connected traumatic brain injury or the car accident that formed the basis for the traumatic brain injury. 
While the Veteran may believe his psychiatric disability is related to an in-service injury, event, or disease, he is not competent to provide a nexus opinion in this case. This issue is medically complex, as it requires knowledge of the interaction between multiple organ systems in the body. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). 
Without any basis to suggest that the Veteran’s major depressive disorder is related to military service, the Board finds that the weight of the competent evidence does not attribute the disorder to military. In reaching the above conclusion, the Board also considered the doctrine of reasonable doubt. 38 U.S.C. § 5107(b). However, as the most probative evidence is against the claim, the doctrine is not applicable in this case. See also, e.g., Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).
 
B.T. KNOPE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Borman, Associate Counsel