﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 191018-37840
DATE: January 30, 2020

ORDER

Service connection for tinnitus is granted.

Service connection for loss of sense of taste due to barium hydroxide exposure is denied.

REMANDED

Service connection for bilateral hearing loss is remanded.

Service connection for a right ankle disorder is remanded.

Service connection for a right leg disorder (claimed as numbness in the right thigh) is remanded.

FINDINGS OF FACT

1. Resolving all doubt in the Veteran’s favor, his currently diagnosed tinnitus is related to his military service.

2. The weight of the evidence is against a finding that the Veteran has a loss of sense of taste or a disability manifesting as such.

CONCLUSIONS OF LAW

1. The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1101, 1110, 1112, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for service connection for a loss of sense of taste (hypogeusia) have not been met. 38 U.S.C. § 1101, 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The rating decision on appeal was issued in January 2018. In December 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

The Veteran served on active duty in the United States Navy from June 1964 to March 1968 and his decorations include the Navy and Marine Corps Parachutist Insignia. 

The Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in December 2018. Thus, the August 2019 AMA rating decision considered all of the evidence of record prior to that date. Notably, while the August 2019 rating decision also adjudicated issues related to the Veteran’s left thigh, left great toe, and high blood pressure and his representative has submitted argument relating to such, the Veteran limited his October 2019 appeal to the issues listed on the cover page. 

Service Connection

Direct service connection may be granted with evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff’d, 78 F.3d 604 (Fed. Cir. 1996). Certain chronic disabilities (including tinnitus) are presumed to have been incurred in service if (a) manifest to compensable degree within one year of discharge from service; (b) there is evidence of the existence of a chronic disease in service or during an applicable presumption period under 38 C.F.R. § 3.307 and present manifestations of the same chronic disease; or (c) when a chronic disease is not present during service, evidence of continuity of symptomatology. 38 U.S.C. §§ 1101, 1112, 1137; 38 C.F.R. §§ 3.307, 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015).

1. Service connection for tinnitus.

In this case, all three elements of service connection have been established by the competent and credible lay evidence of record. In this regard, for VA purposes, tinnitus is a disorder with symptoms that can be identified through lay observation alone. See Charles v. Principi, 16 Vet. App. 370 (2002). As the Veteran has offered competent descriptions of experiencing tinnitus throughout the appeal, the Board finds that he has a current diagnosis of such disorder. Additionally, during October 2017 and January 2018 VA examinations, the Veteran reported that he experiences tinnitus that has been intermittent since his separation from service, which he believes was caused by his exposure to excessive noise from underwater explosions during his military training. Importantly, the Board has no reason to doubt the veracity of the Veteran’s statements regarding the onset of his tinnitus and the continuity of pertinent symptomatology since that time. Given the foregoing, the Board resolves all doubt in favor of the Veteran and finds that service connection for tinnitus is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

2. Service connection for loss of the sense of taste due to barium hydroxide exposure.

The Veteran asserts that he experiences a loss of sense of taste or a diminished ability to taste due to a July 1966 incident when he swallowed barium hydroxide during a training exercise. 

Upon a review of the evidence, the Board finds that service connection for a loss of sense of taste must be denied. In this regard, the Board finds the Veteran’s statements regarding his reduced ability to taste since the aforementioned incident lack credibility. Indeed, the evidence does not establish the presence of a current disability of either hypogeusia (reduced ability to taste) or ageusia (loss of taste). Upon examination in January 2018, a VA examiner did not diagnose the Veteran with a taste disorder and his medical records do not establish such either. At the examination itself, the Veteran indicated that he has less tasting acuity than before the 1966 incident, but the subjective inability to taste did not affect his function as he could still discriminate between sour, salty, sweet, and spoiled foods. Further, the examiner noted that when the Veteran was called in from the waiting room, he was enjoying a lollipop and when asked what flavor it was, he indicated it was cherry or strawberry; he thus demonstrably exhibited an ability to taste. 

Additionally, while the Veteran reports that he has had a reduced ability to taste since the 1966 incident, the record does not support such. Indeed, at the time of his admission to the hospital for ingesting one teaspoon of the chemical in 1966, the Veteran reported experiencing a burning sensation in his throat and retrosternally; he made no mention of a reduced ability to taste. After treatment, which included drinking milk and eating a “regular diet[,]” the Veteran was experiencing no difficulty swallowing and there is no indication that he could not taste the milk or his diet, nor that his taste was diminished. Thereafter, the Veteran never reported to his military treatment providers that he had a reduced ability to taste and at the time of his separation from service in 1968 his mouth and throat were noted to be within normal limits. Further, the Veteran’s post-service treatment records do not contain any reports of a reduced ability to taste. 

Ultimately, while an inability or reduced ability to taste is capable of lay observation, the Board finds the Veteran’s assertions regarding his alleged reduced ability to taste and the continuity of such since 1966 lack credibility as there is no documentation of such inability to taste at any point prior to the instant claim for service connection, there was objective evidence of an ability to taste at the VA examination, there is a lack of any diagnoses by a competent medical professional, the Veteran did not report experiencing the loss during his 1966 treatment when he reported other symptoms, and the Veteran had an incentive to report a diagnosis now given his claim for service connection. Buchanan v. Nicholson, 451 F.3d 1331, 1336-1337 (2006) (the lack of contemporaneous medical records, the significant time delay between the affiants’ observations and the date on which the statements were written, and conflicting statements of the veteran are factors that the Board can consider and weigh against a veteran’s lay evidence); Caluza v. Brown, 7 Vet. App. 498, 506 (1995) (VA adjudicators may properly consider internal inconsistency, facial plausibility and consistency with other evidence submitted on behalf of the veteran in weighing evidence); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009) (lack of corroborating contemporaneous evidence may be a factor in determining credibility); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (VA cannot ignore a veteran’s testimony simply because the veteran is an interested party; pecuniary interest may, however, affect the credibility of the evidence). 

In the absence of competent and credible evidence of functional impairment, service connection must be denied. See Saunders v. Wilkie, 886 F.3d 1356, 1368 (Fed. Cir. 2018).

REASONS FOR REMAND

The issues of entitlement to service connection for bilateral hearing loss, a right ankle disorder, and a right leg disorder are remanded to correct a duty to assist error that occurred prior to the August 2019 rating decision on appeal. 

1. Service connection for bilateral hearing loss.

A 2017 examiner provided a negative nexus opinion regarding the etiology of the Veteran’s bilateral hearing loss, noting that there was a significant delay between the Veteran’s separation and his ultimate hearing loss diagnosis. Such opinion failed to explain why the Veteran’s delayed onset hearing loss was not caused by service. In this regard, the absence of documented hearing loss while in service is not fatal to a claim for service connection. 

2. Service connection for a right ankle disorder.

3. Service connection for right leg disorder.

The Veteran has reported experiencing right ankle and knee give-way during the course of this appeal and his available service treatment records document in-service treatment for a right ankle injury (July 1965) and a right knee injury (June 1967). Given the foregoing, the Board finds that the low threshold of the McLendon standard has been met in this instance, and that the Veteran should have been afforded a VA examination and opinion prior to adjudication of his claim. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). 

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s delayed-onset hearing loss is at least as likely as not related to his in-service exposure to excessive noise during underwater explosive testing. The examiner may not base his/her opinion solely on the fact that the Veteran did not have documented hearing loss during his military service and must explain why his currently diagnosed hearing loss is not related to his in-service noise exposure.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature, onset and etiology of any right ankle impairment, including pain causing functional loss. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including his July 1965 treatment for a right ankle sprain or his in-service parachute jumps.

3. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any right leg/knee disorder, including pain causing functional loss. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including his June 1967 treatment for right knee pain, his in-service parachute jumps, or a January 1966 jellyfish sting. 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Sosna, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.