﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190129-1955
DATE: April 30, 2021

ORDER

New and relevant evidence has been received to readjudicate the Veteran's claim for entitlement to service connection for headaches claimed as chronic migraines.

Entitlement to service connection for headaches claimed as chronic migraines is denied.

FINDINGS OF FACT

1. An April 2016 rating decision denied the Veteran’s claim for entitlement to service connection for migraine headaches. 

2. The evidence received since the April 2016 rating decision is new evidence that tends to prove or disprove a matter in issue. 

3. The preponderance of the evidence is against finding that the Veteran’s headaches began during active service, began within a year of service, or are otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

1. The April 2016 rating decision denying the Veteran’s claim for entitlement to service connection for migraine headaches is final. 38 U.S.C. § 7105(c); 38 C.F.R. §§§ 3.104, 3.156, 20.201, 20.302, 20.1103. 

2. The additional evidence received since the April 2016 rating decision is considered new and relevant; readjudication of the claim for entitlement to service connection for migraine headaches is warranted. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.2501.

3. The criteria for service connection for headaches are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1976 to May 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. In May 2018, the Veteran opted into the AMA by submitting a Rapid Appeals Modernization Program (RAMP) election form and a supplemental claim. Following a January 2019 rating decision, the Veteran submitted a RAMP Selection form, and requested a hearing. Therefore, the Board must determine whether new and relevant evidence has been received based on the evidence of record at the time of the decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

In January 2021, the Veteran testified at a virtual hearing before the undersigned Veterans Law Judge. A copy of the transcript is associated with the evidentiary record.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

READJUDICATION 

Legal Criteria 

A Veteran may continuously pursue a claim or an issue by timely and properly filing a supplemental claim. 38 C.F.R. § 3.2500. To adjudicate a supplemental claim, new and relevant evidence must be received. New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is evidence that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501. 

1. New and relevant evidence has been received to readjudicate the Veteran's claim for entitlement to service connection for migraine headaches. 

An April 2016 rating decision denied the Veteran’s claim based on no evidence of an in-service injury. In August 2018 the Veteran submitted a RAMP Opt-In form and elected to submit a supplemental claim. Following the January 2019 rating decision on appeal, in January 2019 the Veteran requested further review of his claim and requested a Board hearing. 

New and relevant evidence must be received to adjudicate a supplemental claim. In January 2017, the Veteran submitted a letter from a VA Additions Counselor that he had a cavernous angioma which creates many symptoms to include headaches. As this evidence is new and relates to the claim for entitlement to service connection for migraine headaches, new and relevant evidence has been received and readjudication is warranted. 

SERVICE CONNECTION 

Legal Criteria 

Generally, to establish a right to compensation for a present disability a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

For veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, such as organic diseases of the nervous system (migraine headaches), are presumed to have been incurred in service if they manifest to a compensable degree within one year of separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

1. Entitlement to service connection for headaches claimed as chronic migraines is denied. 

The Veteran contends that he is entitled to service connection for his headaches claimed as chronic migraines. At his January 2021 hearing, the Veteran testified that his headaches began during military service. He further asserted that his headaches were a result of long hours, cold weather, and frequent flying during his military service. 

Medical evidence of record including VA treatment records from August 2017 establish that the Veteran has a current disability of headaches. 

In January 2017, the Veteran submitted a letter from a VA addiction counselor that he had a cavernous angioma which creates many symptoms to include headaches. 

However, the record does not establish that the Veteran had an in-service injury. The Veteran’s November 1975 enlistment examination notes no abnormalities; in a subjective statement the Veteran reported that he was in good health. Similarly, a February 1980 examination did not note any abnormalities and the Veteran asserted that to the best of his knowledge and belief he did not have any physical defects. During his April 1986 separation examination, the Veteran reported that he was in perfect condition and denied having frequent or severe headaches. Further, the Veteran’s service treatment records do not contain any complaints of or treatment for headaches in service. 

Post service, in January 2008 the Veteran was noted to have a mild headache, runny nose, sore throat, cough with white phlegm and wheezing. The Veteran was diagnosed with bronchitis. In April 2009 the Veteran complained of a persistent headache which he reported began a few weeks prior. Subsequent treatment records continue to note ongoing headaches, treated with prescription medication. In August 2012 the Veteran endorsed having intermittent headaches for approximately two years. In December 2012 the Veteran asserted that he felt his headaches were due to his blood pressure and the fact that he stopped using drugs. While subsequent medical evidence notes ongoing symptoms of headaches, the record contains no evidence that the Veteran ever reported to a physician that his headaches began during military service or that the history of the headaches began during or proximate to service. In fact, the record shows that the first time the Veteran asserted that his disability began as a result of an in-service injury was during his January 2021 Board hearing. 

Based on the evidence of record, the Board does not find the Veteran’s contentions that his headaches began in service to be credible. August 2012 VA treatment records reflect that the Veteran had headaches for two years in duration. If he had been experiencing chronic or continuous symptoms since service (as he now alleges), it stands to reason that he would have mentioned this and also possibly have reported the precipitating injury (i.e., the onset of his headaches in service), rather than recounting a much more recent onset of symptoms which occurred more than two decades later. Courts have recognized how medical history recounted in the course of medical evaluation and treatment is especially probative (trustworthy) because the declarant has inherent incentive to give the most accurate history to, in turn, receive the best or most appropriate medical care. See Rucker, 10 Vet. App. at 73 (statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth in order to receive proper care). Moreover, he gave that history prior to filing his VA claim for disability, when there was no incentive to fabricate information for personal gain financial or otherwise. Cartwright v. Derwinski, 2 Vet. App. 24, 25 (1991) (finding that a pecuniary interest may affect the credibility of a claimant’s testimony); Fed. R. Evid. 803 (4) (recognizing that statements made for the purpose of medical treatment generally are reliable); Rucker v. Brown, 10 Vet. App. 67, 73 (1997) (“[R]ecourse to the [Federal] Rules [of Evidence] is appropriate where they will assist in the articulation of the Board’s reasons.”)). 

Based on this collective body of evidence, the Board finds that any statements as to continuity of symptoms referable to the Veteran’s headaches since service are not credible based on the record, as a whole, including no mention of this for several decades following service and the Veteran’s inconsistent assertions of just how long he has experienced headaches; in April 2009 reporting persistent headaches for a few weeks; in August 2012 reporting headaches for approximately two years and in December 2012 attributing his headaches to his blood pressure after he stopped using drugs. See Cartright, 2 Vet. App. at 25 (finding that, while the Board may not ignore a Veteran’s testimony simply because he or she is an interested party and stands to gain monetary benefits, personal interest may affect the credibility of the evidence); see also Caluza v. Brown, 7 Vet. App. 498, 510-511 (1995) (credibility can be generally evaluated by a showing of interest, bias, or inconsistent statements, and the demeanor of the witness, facial plausibility of the testimony, and the consistency of the testimony.)

The Veteran has not been shown to have the experience, training, or education necessary to give a probative etiology opinion on these claimed disabilities. Although lay persons are competent to provide opinions on some medical issues, the Board finds that a lay person is not competent to provide a probative opinion as to the specific issues in this case in light of the education and training necessary to make a finding with regard to the complexities of the spine, to include as due to remote trauma and/or aging. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); see Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007).

In sum, there are no records prior to 2008 suggesting a diagnosis of headaches or chronic migraines. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (A prolonged period without medical complaint can be considered, along with other factors concerning a claimant’s health and medical treatment during and after military service, as evidence of whether an injury or a disease was incurred in service which resulted in any chronic or persistent disability). There is no probative opinion (i.e., a clinical opinion based on review of pertinent records) that it is as likely as not that the Veteran has a headache disability causally related to, or aggravated by, his service, to include a period of reserve service, and his statements asserting continuity of symptoms since service and the in-service incidents are not credible. See Mense v. Derwinski, 1 Vet. App. 354 (1991) (holding that VA did not err in denying service connection when the Veteran had failed to provide evidence demonstrating continuity of symptomatology and had failed to account for the lengthy time period following his service during which there was no clinical documentation of the claimed disorder).

Ultimately, the preponderance of the evidence of record does not establish an in-service injury or event with respect to the Veteran’s headaches or continuity of symptomatology. 

The Board acknowledges that the Veteran has not been afforded a VA examination with respect to his claim for service connection for headaches but finds no such examination was required because the evidence does not indicate that the claimed disability, or symptoms thereof, may be associated with the Veteran's active service. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). Under McLendon, VA is obligated to provide an examination when the record contains (1) competent evidence of a current disability (or persistent or recurrent symptoms of a disability), (2) evidence establishing that an event, injury, or disease occurred in service, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service, but (4) there is insufficient competent medical evidence on file to decide the claim. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). The Board finds that in the instant matter, there is no credible evidence of any in-service injury or event that may be etiologically related to the diagnosed headache disability. For these reasons, the Board finds a VA medical opinion is not necessary to decide the claim of service connection for headaches claimed as chronic migraines. McLendon, 20 Vet. App. at 81; 38 U.S.C. § 5103A(d)(2); 38 C.F.R. § 3.159(c)(4)(i)(C).

Thus, the Board finds the preponderance of the evidence is against a finding that the Veteran’s headaches, claimed as chronic migraines, are related to service, began within a year of service, or are related to an in-service incidence. 

 

Jennifer White

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Wimbish, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.